Rupein, Judge.
 

 The
 
 Mtorney General
 
 admits in the argument, that the guilty will, with which the assault was made, is a necessary allegation in the indictment. Rut it is contended, that it is sufficiently expressed by “ then and there feloniously did attempt to ravish,” following the charge of the assault. The statute makes it a capital felony, for any person of color to
 
 make an assault with intent to commit a rape
 
 upon the body of a white female. Though in some minor offences the guilty will ( which in all cases is necessary to constitute a crime ) is implied from the wrongful overt act, and therefore need not be stated in the
 
 indictment;
 
 and in other cases the allegation of such criminal purpose, though required in the frame of the indictment, is formal so far as respects the finding of that purpose as a fact by the jury, because the law would
 
 prima facie
 
 infer it from the act of which it prompted the perpetration
 
 ; yet
 
 generally, evqn at common law, the intent constituting an act a c%.
 
 *330
 
 pita] crime must be. precisely and specifically alleged. This rule is exemplified by the words of art,
 
 felonice, burglariter,
 
 and the like. Much more is that the case, -when the indictment is founded on a statute. The terms used by the statute are then necessary in the indictment, not only to denote the disposition of the accused, but also to describo and identify the crime, as that for which the particular punishment is prescribed. This may be a good reason, why courts should not allow the sufficiency of any other epithet, though equipollent in common parlance. The term
 
 wilful,
 
 for example, is indispensable in an indictment for perjury under the statute of
 
 Elizabeth,
 
 and cannot be supplied by any other. It is a safe rule therefore to follow the words of the statute; and because it is safe, the courts have adopted it. If one departure be allowed, it cannot be told how far astray it may lead us. But independent of that consideration, it is the duty of the court to require all pleadings to be expressed in terms as brief and apt as possible. There, can be none to denote the intent more apt than that word
 
 intent
 
 itself. It is the language of the common law. of statutes, of pleading. It is perfectly understood, and ought to be retained. It is said by
 
 Lord Elleuborough
 
 in
 
 Rex
 
 v.
 
 Phillips, (6 East
 
 472,) to be the proper word to convey the specific allegation of intent. It is found in all the precedents within our reach ; and there is no other term so expressive and precise. Here the word
 
 attempt
 
 has been used in its stead. We should be justified in rejecting it upon the sole ground, that it is not the word of the statute. But it is not even synonymous.
 
 Intent
 
 referred to an act denotes a state of the mind with which the act is done.
 
 Mempt
 
 is expressive rather of a moving towards doing the thing, than of the purpose itself. An
 
 attempt
 
 is an overt act itself. An assault is an “ attempt to strike,” and is very different from a mere intent to strike. The statute makes a particular intent, evinced by a particular act, the crime. That purpose and that act cannot be so well nor sufficiently described, as by the words of the statute itself.
 

 Per Curiam. — Judgment aeeirmep.»