## HENRY WITHERBY (FREEDMAN) vs. THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO RAVISH.]

1. *Sufficiency of indictment in description of offense.*—An indictment against a negro, which charges that he "*assaulted* Mary S., a white child, under the age of ten years, *with intent to ravish her*," is sufficient to authorize a conviction under section 3307 of the Code, which punishes with death any negro "who commits, or *attempts to commit,* a rape on any white female ;" yet the averment of the assault, though unnecessary, being descriptive of the offense, must be proved as laid.

2. *General criminal statutes applicable to freedmen.*—For offenses committed by feedmen since the abolition of slavery in this State, they may be indicted, convicted, and punished, under the general criminal statutes, although those statutes were not applicable to them whilst slaves.

FROM the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

THE indictment in this case, which was found on the 14th November, 1865, charged that the prisoner, "Henry Witherby, a freedman, assaulted Mary Stuart, a white child, under the age of ten years, with intent to ravish her; against the peace and dignity," &c. The defendant pleaded not guilty, without objection to the indictment. The jury returned a verdict of guilty, and the court thereupon sentenced him to death. After conviction, the defendant moved in arrest of judgment, on the following grounds : "1st, that the indictment, being against the defendant as a freedman, does not justify the verdict of the jury ; 2d, that the jury, if they found the defendant guilty, should have fixed the punishment by their verdict; and 3d, that the defendant is indicted as a freedman, and was tried under section 3307 of the Code as a free negro." The court overruled the motion, and the defendant excepted.

GEO. E. MACON, for the prisoner.

JOHN W. A. SANFORD, Attorney-General, *contra.*

Henry Witherby (freedman) v. The State.

JUDGE, J.—Section 3307 of the Code, under which the prisoner was convicted and sentenced, is as follows: "Every slave, or free negro, who commits, or attempts to commit, a rape on any white female, must, on conviction, suffer death." The indictment charges, that the prisoner, "Henry Witherby, (a freedman,) assaulted Mary Stuart, a white child under the age of ten years, with the intent to ravish her." The "only distinction between an intent and an *attempt* to do a thing, is that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into execution."—*Prince v. The State*, 35 Ala. 367. Therefore, a *mere intent* to commit a particular offense, does not involve an *attempt* to do it. But an "*assault with intent to commit a rape*," is, of itself, an attempt to commit the offense.—*The State v. Bullock*, 13 Ala. 413. It would be impossible for the former to exist without the latter; yet, an attempt, meaning in the largest signification of the word a trial or effort to do a particular thing, may be made to commit a rape by a "free negro" on a white female, and the offense be complete, within the meaning of section 3307 of the Code, without the commission of an assault.—*Lewis (a slave) v. The State*, 35 Ala. 380. It is unnecessary, in framing an indictment under this section of the Code, to aver an assault; but if averred, being descriptive of the offense, it must be proved. We therefore hold the indictment sufficient to authorize a conviction for the offense *as charged*.

[2.] The prisoner being a freedman, section 3307 of the Code was applicable to his case; (*Eliza v. The State*, and *George v. The State*, at the present term;) and the punishment imposed by that section, was properly pronounced by the court.

It follows, that the court did not err in overruling the motion in arrest of judgment; and upon a careful examination of the record, we can find no error in the proceedings of the court below. The judgment is consequently affirmed, and the sentence of the law must be executed