By the Court, Balcom, J.
It is provided by statute, that “ every person who shall willfully burn any building, ship or vessel, or any goods, wares, merchandise or other chattel, which shall be at the time insured against loss or damage by fire, with intent to prejudice such insurer, whether the same be the property of such person or of any other, shall upon conviction be adjudged guilty of arson in the third degree.” (3 R. S., 5 Ed., p. 946, § 5.) It is further provided by statute, that “ every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof shall, in all cases, where no provisión is made by law for the punishment of such attempt, be punished,” &c. (3 R. S. 983, § 3.)
The evidence showed the prisoner attempted to burn his insured goods and chattels with intent to prejudice the insurer. The attempt was made by the prisoner giving Patrick Dempsey matches and hiring him to set fire to the prisoner’s shop, in which the insured goods and chattels were situated. Dempsey set the shop on fire, but the fire was extinguished; and neither the shop nor any of the goods or chattels were consumed by the fire. *109 The prisoner was not present when Dempsey set the shop on fire; but, notwithstanding his absence, he was equally guilty with Dempsey of the attempt to burn the shop and insured goods and chattels, (The People v. Bush, 4 Hill, 133.)
The prisoner’s counsel raised the question on the trial that the indictment did not charge any offense upon the prisoner; and that point has been made in this court by the prisoner’s counsel. The first count in the indictment charges, in substance, that the prisoner and Dempsey feloniously and willfully did set fire to and burn the prisoner’s shop, with intent to burn the prisoner’s goods and chattels in the shop, which were insured against loss or damage by fire, by “ The North American Fire Insurance Company,” with intent, thereby, to injure, prejudice and defraud that company, against the form of the statute, &c. This is a plain charge against the prisoner, of attempting to burn his insured goods and chattels, with intent to prejudice the insurer, by setting fire to his shop and burning it. It was unnecessary for the district attorney to allege in the indictment the particular manner in which the prisoner .attempted to burn his insured goods and chattels, with intent to prejudice the insurer. (4 Hill, 133; 3 Cushing, 529; McDermot v. People, 5 Parker, 102.) It was, therefore, unnecessary to set out in the indictment in this case that the prisoner employed Dempsey to set fire to the shop, or that he furnished Dempsey with matches to enable him to start the fire. The form, of the indictment would have been much better if it had charged directly that the prisoner and Dempsey attempted to burn the insured goods and chattels, instead of charging that they set fire to the prisoner’s shop with intent to burn the insured goods and chattels, &c. But it is sufficient in substance, notwithstanding its form, to charge the prisoner with the offense of attempting to commit arson in the third degree. (3 Parker, 208; Lohman v. The People, 1 Comstock, 379.)
*110 The. prisoner’s counsel asked the court to compel the district attorney to elect upon which count of the indictment the prisoner should be tried, which the court refused to do, and the prisoner’s counsel excepted. The indictment contains. .three counts. The second count does' not charge the prisoner with any offense; and the court charged the jury that the prisoner could not be convicted under that count. That count only charges Dempsey with setting fire to the prisoner’s shop, with intent to burn the insured goods and chattels, &c. The third count charges the prisoner with being accessory before the fact, by inciting and soliciting Dempsey to commit the offense charged upon him in the second count. The court charged the jury the prisoner must be found guilty under the first count or not at all; and that he could only be convicted under that count of an attempt to commit arson in the third degree. Dempsey had pleaded guilty to the indictment; but that fact was not shown or mentioned to the court when the court was asked to compel the district attorney to elect upon which count the prisoner should be tried. .But if that fact had been shown, I am unable to perceive that it would have affected the question as to whether the district attorney should be required to make the desired election. The prisoner was not prejudiced in the least by the refusal of the court to compel the district attorney to elect upon which count the prisoner should be tried; and I am of the opinion the ruling of the court upon that question does not entitle the prisoner to a new trial.
The question was raised by the prisoner’s counsel on the trial that the indictment was insufficient for the reason that it does not allege that “The North American Fire Insurance Company of New York,” was a corporation or had the right to insure the goods and chattels of the prisoner. The prisoner’s counsel has raised the same question in this court. But he has not cited any authority to sustain his position. The district attorney has cited chapter 151 *111 of the Laws of 1862 (Laws of 1862, p. 318), to show no such allegation was necessaiy. But, whether the act of 1862 is applicable to the case or not, I think the indictment was not defective for the reason alleged against it. The facts that the insurance company, named in the indictment, was a corporation and had the right to make the alleged insurance were proved on the trial; and the allegation in the indictment was sufficient to authorize that proof.
Patrick Dempsey was called as a witness by the district attorney. He was objected to by the prisoner’s counsel on the ground that he was an incompetent witness against his co-defendant, he having already pleaded guilty upon the same indictment. The fact that he had so pleaded to the indictment was conceded by the district attorney, The court admitted him as a witness for the people, and he gave material evidence against the prisoner. The prisoner’s counsel has not made the point that the court erred in admitting Dempsey as a witness; and if the case of Nixon v. The People (5 Parker, 119), was' correctly decided, Dempsey was a competent witness for the people against the prisoner.
The court charged the jury, in substance, if the prisoner made an agreement with Dempsey that the latter should set fire to the shop and gave him matches with which to do the act, and told Dempsey to set the shop on fire, and Dempsey did set it on fire with intent to burn the insured goods and chattels of the prisoner, the prisoner was guilty of an attempt to burn the goods and chattels; to which the prisoner’s counsel excepted. This portion of the charge was correct according to the decision in The People v. Bush (supra).
The prisoner’s counsel asked the court to charge, that unless che jury shall find that the prisoner attempted to set fire to or burn the goods, wares and merchandise insured, he must be acquitted. To which the court *112 responded: “ So far as the setting fire to the shop is concerned, that alone is no offense, the act must have been an attempt to burn the goods. As I have already charged you, the indictment charging a setting fire to the building, with intent to burn the goods, is a sufficient charge of the crime of attempting to burn the goods.” The prisoner’s counsel excepted to the refusal to charge as requested, and to the remarks of the court upon the request. I am of the opinion the court did not commit any error in the refusal to charge, or in the charge made. The charge was that the act of the prisoner must have been an attempt to burn the insured goods. That certainly was the meaning of it, and the jury must have so understood it.
For these reasons I am of opinion the judgment of the Court of Sessions should be affirmed.
Judgment affirmed.