State of Maine *v.* Hussey.

———◆———

## STATE OF MAINE *vs.* WILMOT E. HUSSEY.

*Criminal law—pleading.*

An indictment should charge an offense in the words of the statute or in language equivalent thereto.

Thus 'unlawfully and maliciously' throwing down a gate, is not equivalent to 'wilfully and maliciously' doing it.

APPLETON, C. J.   The R. S. of 1871, c. 127, § 7, provide, among other things, for the punishment of ' wilfully and maliciously' throwing down a gate.

The allegation in the indictment is that the defendant ' did unlawfully and maliciously throw down a certain gate,' etc.

These words do not describe the statute offense.   The indictment should charge the offense in the words·of the statute, or in words equivalent thereto.   The statute uses the words ' wilfully and maliciously.'   It does not regard them as identical in meaning, as both are used.   When the statute makes the doing of an act ' wilfully and maliciously' criminal, it will not be sufficient in the indictment to charge that it was done ' feloniously, unlawfully, and

---

*See also, *Dodge* v. *Emerson,* 34 Maine, 96.—REP.

wilfully.' *State* v. *Gove*, 34 N. H. 511. So, charging an offense to have been committed 'feloniously, voluntarily, and maliciously,' instead of 'feloniously, unlawfully, and maliciously,' is bad. *Rex* v. *Reader*, 19 E. C. L., 367. Unlawfully doing a thing is not synonymous with wilfully doing it. A man may do many things wilfully, which are not unlawful, and he may do things unlawfully which are not wilfully done.

It was held in *Rex* v. *Davis*, 1 Leach, 556, that 'unlawfully and maliciously' is not equivalent to wilfully and maliciously, and that as 'wilfully and maliciously' were both mentioned in the statute as descriptive of the offense, both must be stated in the indictment.

*Exceptions sustained.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

TAPLEY, J., did not concur.

*T. B. Reed*, Att'y Gen'l for the State.

*E. F. Webb*, for the defendant.