## STATE *vs.* CHARLES LYNCH.

### Knox.    Opinion June 21, 1895.

*Indictment. Pleading. Dangerous Weapon. R. S., c. 118, § 25.*

It is sufficient if the words used in an indictment to charge the commission of a statutory offense are more than the equivalent of the words of the statute, provided they include the full significations of the statutory words.

An indictment alleged that the respondent made an assault upon one McRae, "with a deadly weapon to wit, a loaded revolver in his right hand he the said Charles Lynch then and there had and held, did make an assault with an intention him the said Daniel A. McRae then and there with a loaded revolver aforesaid feloniously wilfully and of his malice aforethought to kill and murder against the peace of said state and contrary to the form of the statute in such case made and provided."

*Held;* that the offense specified in R. S., c. 118, § 25, viz: "an assault, armed with a dangerous weapon with intent to kill and murder," was set out with sufficient certainty.

ON EXCEPTIONS.

The case appears in the opinion.

*B. K. Kalloch*, County Attorney, for State.

*William H. Fogler*, *A. A. Beaton, and R. R. Ulmer*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WISWELL, J. The respondent demurred generally to an indictment, in which the offense is set out as follows: "That Charles Lynch of Vinal Haven in the county of Knox on the twenty-fifth day of November now last past with force and arms at Vinal Haven aforesaid in the county of Knox aforesaid in and upon one Daniel A. McRae in the peace of the State then and there being to-wit at his post of duty in the engine room of the steamer Governor Bodwell then and there being in the body of the county of Knox aforesaid making a landing at the wharf in Vinal Haven aforesaid in the county of Knox afore-said upon the said Daniel A. McRae with a deadly weapon, to-wit a loaded revolver in his right hand he the said Charles Lynch then and there had and held did make an assault with an intention him the said Daniel A. McRae then and there with the loaded revolver aforesaid feloniously wilfully and of his malice aforethought to kill and murder against the peace of said State and contrary to the form of the statute in such case made and provided."

This is an exact copy, including punctuation, of so much of the indictment as is quoted. The demurrer was overruled and exceptions taken.

The language of the indictment is somewhat confused and there are unnecessary allegations, but the question is whether the accusation is set forth with sufficient particularity and cer-tainty to inform the accused of the offense with which he is charged, and to enable the court to see, without going out of the record, what crime has been committed, if the facts alleged are true.

It is also necessary that the indictment should employ "so

many of the substantial words of the statute as will enable the court to see on what one it is framed; and, beyond this, it must use all the other words which are essential to a complete description of the offense; or, if the pleader chooses, words which are their equivalents in meaning; or, if again he chooses, words which are more than their equivalents, provided they include the full significations of the statutory words, not otherwise." Bishop on Criminal Procedure, vol. 1, § 612.

In *State* v. *Hussey*, 60 Maine, 410, it is said: "An indictment should charge an offense in the words of the statute or in language equivalent thereto." In that case the language used was not equivalent to the statutory words, nor did it have a broader meaning, including the significations of the words of the statute.

We think it is sufficient if the words used in the indictment are more than the equivalent of the words of the statute, "provided they include the full significations of the statutory words."

This indictment, is said by the prosecuting attorney, to have been drawn under R. S., c. 118, § 25, which is as follows: "Whoever assaults another with intent to murder, kill, maim, rob, steal, or to commit arson or burglary, if armed with a dangerous weapon, shall be punished by an imprisonment for not less than one, nor more than twenty years; when not so armed, by imprisonment for not more than ten years, or by fine not exceeding one thousand dollars."

We will separately consider the objections to the indictment raised by the counsel for the respondent.

The statute makes it an aggravation and provides a more severe punishment, if the person making the assault is, "armed with a dangerous weapon." The indictment alleges that the assault was made with a "*deadly* weapon, to-wit, a loaded revolver in his right hand he the said Charles Lynch then and there had and held."

While *deadly* and *dangerous* are not equivalents, deadly is more than the equivalent and includes the full signification of the statute word. A dangerous weapon may possibly not be

deadly, but a deadly weapon, one which is capable of causing death, must be dangerous.

The indictment does not use the word of the statute "armed." But it alleges that the assault was made with a deadly weapon, "to-wit, a loaded revolver in his right hand he the said Charles Lynch then and there had and held." If an indictment alleges that an assault is made with a dangerous or deadly weapon which, the person making the assault, had and held in his hand, it is equivalent to an allegation that he was armed with such a weapon. "Armed" means furnished or equipped with weapons of offense or defense. A person who has in his hand a dangerous weapon with which he makes an assault, is certainly "armed" within the meaning of the statute.

The indictment uses the words "with an intention," instead of the statutory words "with intent." The language of the indictment, in this respect, is exactly equivalent to the words of the statute.

The form of pleading adopted in this indictment is not to be commended. It is always advisable to follow the forms which have received judicial approval, or which have long been in unquestioned use. It is also much safer to employ the words of the statute than those about which a question may arise. But the indictment in this case, although not free from criticism, has set out with sufficient certainty the offense specified in R. S., c. 118, § 25, viz. : an assault, armed with a dangerous weapon, with intent to kill and murder.

*Exceptions overruled.*