THE STATE OF UTAH, Respondent, v. WILLIAM EVANS, Appellant.

No. 1508.    (73 Pac. 1047.)

**1. Criminal Law: Information: Charging Statutory Offense: Sufficiency After Verdict.**
Under Revised Statutes, section 4221, making it a felony to carnally and unlawfully know any female over the age of thirteen and under eighteen, and section 4495, providing that any act done with intent to commit a crime, and tending, but failing, to effect its commission, is an attempt to commit a crime, an information charging that accused unlawfully and feloniously did attempt to carnally know and have sexual intercourse with a certain female over the age of thirteen and under eighteen, she being an unmarried female, sufficiently charges a public offense, as against an attack made after verdict.[1]

**2. Same: Instructions: Based on Evidence.**
The refusal of an instruction not warranted by evidence is proper.

(Decided October 22, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. Charles W. Morse,* Judge.

The defendant was convicted of the crime of an attempt to commit a felony, and appealed.

AFFIRMED.

---

[1] State v. Williamson, 22 Utah 248.

*James D. Pardee, Esq.,* for appellant.

Indictments and informations for attempts to commit crimes must aver the intent and the overt act constituting the attempt. Third Enc. Pleading and Practice, p. 98; State v. Frazier, 53 Kan. 87; Com. v. Cunningham, 88 Va. 37; Com. v. Christian, 23 Grat. (Va.) 954; State v. Wilson, 30 Conn. 500; State v. Branan, 3 Nev. 238; Whatton's Criminal Pleading and Practice (9 Ed.), Par. 159; Thompson v. People, 96 Ill. 158; State v. Wells, 31 Conn. 210; 3 Ency. of Law (2 Ed.), p. 254; Cox v. People, 82 Ill. 191; Smith v. Com., 54 Pa. St. 209; State v. Colvin, 90 St. Gar. 717; State v. Lung, 21 Nev. 209; Randolph v. Com., 6 Sergt. & R. 397.

*Hon. M. A. Breeden,* Attorney-General, *Hon. W. R. White,* Deputy Attorney-General, and *Dennis C. Eichnor, Esq.,* District Attorney, for the State.

BARTCH, J.—The defendant was convicted of the crime of an attempt to commit a felony. Before sentence he moved the court in arrest of judgment, upon the ground that the information under which he was convicted does not state facts sufficient to constitute a public offense. The court overruled the motion, and sentenced the prisoner to a term of imprisonment in the penitentiary. He then appealed to this court.

The appellant's main contention is that the court erred in overruling his motion in arrest of judgment. The information, so far as material here, reads: "That the said William Evans, on the 5th day of July, A. D. 1903, at Salt Lake City, Salt Lake county, Utah, unlawfully and feloniously did attempt to carnally know and have sexual intercourse with one [naming female] a female over the age of thirteen years and under the age of eighteen years, to-wit: of the age of fifteen years, she, . . . being then and there an unmarried female; contrary," etc. It is insisted, in behalf of the prisoner, that this information

is insufficient, because, as is urged, it does not charge the facts constituting the offense, nor the intent with which such acts were perpetrated. The offense described in the information is statutory, and not one at common law. The provisions of the statute upon which the information was based are found in sections 4221, 4495, Rev. St. 1898. The former section reads: "Any person who shall carnally and unlawfully know any female over the age of thirteen years and under the age of eighteen years, shall be guilty of a felony." This section defines the substantive offense of carnal knowledge of a female under the age of 18 years and over the age of 13 years, and characterizes such offense as a felony. The latter section (4495) defines an attempt to commit this or any other offense, as follows: "Any act done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit a crime." This provision has a general application as to all attempts to commit crime, and thus includes the attempt herein being considered. It will be observed that the information in question charges the prisoner with an unlawful and felonious attempt to carnally know a female over 13 and under 18 years of age. The charge is substantially in the language of the two statutory provisions quoted, and, as to this kind of a crime, was sufficient to put the accused on notice as to what he was to answer. This is not a case where the accused, under such an information, may be taken by surprise, as in case of a crime which may be committed in several different ways or with various means, and therefore the reason of the rule which requires the overt act or acts by which a crime was committed to be pleaded does not apply, and hence the rule itself ought not to be enforced, especially where, as here, the sufficiency of the information, drawn in the language of the statute, was not challenged by proper plea, and no objection thereto urged until after verdict. The substantive offense denounced by the statute is of such a character that, when one is accused of an attempt to

unlawfully commit it—to carnally know a female—he instantly is aware of the charge he must meet, whether some overt act done in the inception of the attempt is averred or not. The word "attempt" itself implies an intent formed, and also an attack or endeavor to commit the offense, and, employed with the language of the statute defining the substantive offense, advises the court and the accused of the nature of the accusation made. Thus upon consideration it would seem clear that, in a case like the one at bar, an information which charges the offense substantially in the language of the statute is sufficient, especially to withstand any attack made against it after verdict. This court decided likewise in State v. Williamson, 22 Utah 248, 254, 62 Pac. 1022, a case which arose under section 4221, above quoted. It was there said: "We are of the opinion that where the offense charged is purely statutory, as in this case, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with the acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." Such ruling is not without authority. In People v. Bush, 4 Hill 133, where similar statutory provisions were construed, it was said: "An attempt in any form to commit an offense is within the statute, and the particular manner in which the attempt was made need not be pointed out by indictment." 3 Ency. Pl. & Pr. 97, 100, 101; Jackson v. State, 91 Ala. 55, 8 South. 773, 24 Am. St. Rep. 860; State v. Montgomery, 66 Tenn. 161; Mackesey v. People, 6 Parker, Cr. R. 114; State v. Hughes, 76 Mo. 323; Lewis v. State, 35 Ala. 380; King v. Fuller, 1 B. & P. 180; King v. Higgins, 2 East 5; Rex v. Kinnerly, 1 Strange 193; Com. v. Murphy, 12 Allen 449; Hayes v. State, 15 Lea 64. We are aware that some cases hold that the manner of making the attempt or some overt act must be averred in the information or indictment, but we are not disposed to follow those cases in an instance like the one at bar.

Respecting the refusal of the court to give the instruction requested by the defendant, it is sufficient to say that the record presents no evidence which warrants such an instruction.

We find no reversible error in the record. The judgment is affirmed.

BASKIN, C. J., and McCARTY, J., concur.