## STATE v. I. A. HEWETT.

(Filed 27 March, 1912.)

**Indictment—Rape—Assault with "Intent"—"Attempt."**

> A charge in a bill of indictment of an assault with an "attempt" to commit rape necessarily includes the charge of "intent," and when the bill is otherwise sufficient, it is not defective because it omitted to expressly charge the intent.

APPEAL from *Whedbee, J.,* at October Term, 1911, of BRUNSWICK.

Indictment for an assault with intent to commit rape. The defendant was convicted and sentenced. In apt time he moved in arrest of judgment for insufficiency of the bill of indictment, which read as follows:

STATE OF NORTH CAROLINA—BRUNSWICK COUNTY.

In the Superior Court, October Term, A. D. 1911.

The jurors for the State, upon their oaths, present, That I. A. Hewett, late of the county of Brunswick, on the 20th day of July, 1911, with force and arms, at and in the county aforesaid, unlawfully, willfully, and feloniously did assault, beat, and wound one Lundie Bozeman, and her the said Lundie Bozeman did feloniously then 'and there attempt to ravish and carnally know, forcibly and against her will, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.          SINCLAIR, *Solicitor.*

Motion overruled; defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Cranmer & Davis for defendant.*

BROWN, J.  The bill is in the usual form, but omits the words "with intent."  After charging a felonious assault upon Lundie Bozeman, the bill concludes: "and her the said Lundie Bozeman did feloniously then and there attempt to ravish and carnally know, forcibly and against her will," etc.

There are two decisions of this Court which sustain the contention of the defendant, *S. v. Martin,* 14 N. C., 329, and *S. v. Goldston,* 103 N. C., 323; but, with perfect deference, we must say we are not impressed with the reasoning upon which they are based, and we are no longer willing to follow them as controlling precedents.  No rule of property is involved, but solely a question of criminal pleading.  The *Goldston case* followed the precedent of the *Martin case,* and, while not expressly overruled, the authority of both is very much shattered if not practically destroyed by the opinion of the Court in *S. v. Barnes,* 122 N. C., 1034.  In that case the bill did not charge any "attempt," and omitted the words "with intent" altogether, but the Court held that the words "with the intent" are not "sacramental," but that words are sufficient if they are tantamount to the charge of a felonious assault with the design or purpose to commit rape.  In that case the bill of indictment is in part as follows: "did make an assault and her the said . . . . . . then and there forcibly, violently, and against her will, then and there feloniously to abuse, ravish, and carnally know."  The Court held that the words were sufficient to charge the intent.

In the bill in this case the felonious assault is specially charged and that this assault was made in an attempt to commit rape.

The basis of the decision in *Martin's case* is that an attempt to do a thing is expressive of the overt act of moving towards its accomplishment, rather than of the purpose or intent itself. We cannot appreciate the distinction.  It is too subtle.

We are unable to see how a man can commit a felonious assault upon a female, and attempt to ravish her, without in-

tending it. The words used in the bill, *ex vi termini,* necessarily import an intent to commit rape, and are amply sufficient to give the defendant full notice of the crime with which he stands charged, and that is the chief purpose of a bill of indictment.

An "attempt," in criminal jurisprudence, is an effort to accomplish a crime, amounting to more than mere preparation or planning for it, and which, if not prevented, would have resulted in the full consummation of the act attempted.

Mr. Bishop defines an attempt as "an *intent* to do a particular criminal thing, combined with an act which falls short of the thing intended." 1 Bishop Crim. Law, sec. 728. It is defined by others as an endeavor to commit an offense, carried beyond mere preparation to commit it, but falling short of actual commission." Burrill on Circ. Ev., 365; Burrill Law Dict., 175; Bouvier's Law Dict., 205.

In *Regina v. Collins,* L. and C., 471, 9 Cox C. C., 497, it is defined "as that which, if not prevented, would have resulted in the full consummation of the act attempted." *Rex v. Higgins,* 2 East, 20; Robinson's Elementary Law, sec. 472.

Thus we see that practically all definitions of an attempt to commit a crime, when applied to the particular crime of rape, necessarily imply and include "an intent" to commit it.

There may be offenses when in their application to them there is a distinction between "attempt" and "intent," but that cannot be true as applied to the crime of rape. There is no such criminal offense as an "attempt to commit rape." It is embraced and covered by the offense of "an assault with intent to commit rape," and punished as such.

As held by the Supreme Court of California, one cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt. *People v. Thomas,* 63 Cal., 482; 3 Am. and Eng., p. 251, note 5.

The judgment is

Affirmed.