### STATE vs. FRANK JONES.

#### Androscoggin.    Opinion November 4, 1925.

*In an indictment for an attempt to commit a statutory offense, while it must appear that the overt acts were done with an intent to commit the offense named, the language of the indictment, though not approved as to form, alleging that the acts were done in pursuance of an attempt to commit the offense ex vi termini implies that they were done with the intent to commit the offense.*

In the instant case in the indictment the attempt was charged in general terms followed by a description of the overt acts constituting the attempt, according to the usual form of charging such offenses; but it did not set forth in express terms that the overt acts were done with intent to commit the offense, but alleged that they were done "in attempting to commit the offense."

On exceptions. · Respondent was indicted for attempting to operate an automobile while under the influence of intoxicating liquor. The respondent filed a general demurrer alleging that the indictment was bad in that it failed to allege that the overt acts were done "with intent to" commit the offense. The demurrer was overruled and exceptions taken by respondent. Exceptions overruled.

The case appears in the opinion.

*Benjamin L. Berman, County Attorney, and Elton H. Fales, Assistant County Attorney,* for the State.

*Herbert E. Holmes,* for respondent.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DUNN, J., concurring in the conclusion.

WILSON, C. J.  An indictment for attempting to operate an automobile on a public way under Sec. 74 of Chap. 211 of Laws of 1921.

The indictment sets out in general terms, according to the usual form for indictments for an attempt, that the respondent "did then and there attempt to commit an offense, to wit: the offense of then and there operating a motor vehicle, to wit, an automobile on Water Street," etc.

It then sets forth the overt acts constituting the attempt, in accordance with the form approved in *State* v. *Doran,* 99 Maine, 331; also see *State* v. *Ames,* 64 Maine, 386, 388; Bishop Crim. Pro. Vol. II., Sec. 86, Par. 2, Sec. 92; Whitehouse & Hill Crim. Pro. Sec. 63; that the respondent "did then and there in attempting to commit said offense insert and turn the key of said automobile and put his foot upon the self-starter thereby operating said self-starter . . . but was then and there interrupted and prevented from carrying said attempt into full execution."

To the indictment a demurrer was filed and overruled. The case comes to this court on exceptions to the overruling of the demurrer.

The ground of the exception is that the indictment does not sufficiently set forth the intent with which the alleged overt acts were committed. It is true that, unless the alleged acts were done with the intent to operate the motor vehicle upon a public way, no offense was committed; but it is set forth that they were done while or "in attempting to commit said offense."

If done in attempting to commit the offense, it follows *ex vi termini* that they were done with the intent to commit the offense.

While not in commendable form, we think it is a sufficient allegation that the overt acts were done with the intent to commit the principal offense.

The mandate will be:

*Exceptions overruled.*