## STATE v. MORRIS OVERCASH.

(Filed 30 October, 1946.)

**1. Rape § 24—**

In order for a conviction under G. S., 14-22, there must be an assault by a male upon a female with intent to commit rape, which felonious intent is the intent to gratify his passion upon her at all events against her will and notwithstanding any resistance she may make.

**2. Same—**

Felonious intent is alone insufficient to constitute the offense defined by G. S., 14-22, and therefore immoral advances cannot constitute the offense until they reach the point where they are offensive to the woman and constitute an assault.

**3. Rape § 25—**

In a prosecution for assault with intent to commit rape, an instruction which fully explains the element of felonious intent, and instructs the jury that defendant would be guilty if he laid his hands on prosecutrix with such intent, must be held for reversible error for failing to charge upon the essential element of assault, since if defendant's advances were made with the consent of prosecutrix, defendant would not be guilty of the offense.

**4. Criminal Law § 81c (2)—**

A charge which contains both a correct and incorrect instruction upon a material point must be held for reversible error.

APPEAL by defendant from *Clement, J.,* at August Term, 1946, of CABARRUS. New trial.

Criminal prosecution on bill of indictment charging an assault with intent to commit rape.

On the night of 23 July, 1946, defendant and prosecutrix visited several places in Concord where beer was sold and drank several bottles of beer. About twelve midnight they drove out in the country and parked off the highway near a ball field. Prosecutrix testified that defendant then tried to assault her. Defendant testified that they agreed to engage in illicit intercourse and got into the back seat of his car or taxi for that purpose, but prosecutrix, when she learned that he did not

have a contraceptive, changed her mind and he brought her home. A more detailed summary of the sordid testimony would serve no good purpose.

There was a verdict of guilty as charged in the bill of indictment. From judgment pronounced on the verdict defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*C. M. Llewellyn, Z. A. Morris, Jr., and John Hugh Williams for defendant, appellant.*

BARNHILL, J. The court in its charge clearly defined an assault and instructed the jury:

"It may be a simple assault, as where one man strikes another with his hand, shoves him in anger or hits him with his fist. It may be an assault with intent to commit rape. The element of that offense is, that there must be an assault, and there must be an intent on the part of the assailant to have intercourse with a female by force and in spite of any resistance she might make."

It then charged the jury further as follows:

"If a man *lays his hands on a woman* and when he does so he intends to have intercourse with her, in spite of all resistance she may make, against her will, then that is an assault with intent to commit rape. A person may be guilty of an assault with intent to commit rape at any time *he takes hold of a woman, lays his hands on her,* and when he does so intends to have intercourse with her by force and against her will, in spite of all resistance she may make. He may change his mind, her resistance might be more than he anticipates; he might be frightened away; *but if at any time he took hold of her, laid his hands on her,* and when he did so he intended to have intercourse with her by force, against her will and in spite of all resistance she might make, then the crime of assault with intent to commit rape would have been accomplished." (Italics supplied.)

Thus the court in its amplification of the definition given fully explained the intent which is an intrinsic part of the assault, but it inadvertently disregarded the essential element of unlawfulness, rudeness or violence which makes the taking hold of a female an assault. The instruction makes the mere touching of the prosecutrix, without regard to her consent, sufficient if the defendant at the time intended to ravish in the event it became necessary to do so to accomplish his purpose.

The defendant admits that he put his hands upon the prosecutrix and that he intended to have carnal knowledge of her. He insists it was with her full consent and approval.

Under the charge thus given this consent on her part is immaterial. If he intended to press his attentions to the point of sexual gratification by seduction. if possible, by force if necessary, and with that intent laid his hands upon her with her full consent and approval he would be guilty.

This is not the law. An assault is the essence of the crime. G. S., 14-22. The offense is not "an attempt to commit rape" but "an assault with intent to commit" the felony. So to convict, the State must prove (1) an assault by a male upon a female (2) with intent to commit rape, and the felonious intent is the intent to gratify his passion on the person of the woman at all events against her will and notwithstanding any resistance she may make. *S. v. Hewett,* 158 N. C., 627, 74 S. E., 356; *S. v. Adams,* 214 N. C., 501, 199 S. E., 716; *S. v. Jones,* 222 N. C., 37, 21 S. E. (2d), 812.

The felonious intent alone is not sufficient; nor is a felonious intent accompanied by attentions acceptable to the woman. Hence his advances, however immoral, did not constitute an assault until they reached a point they were offensive to her.

Thus the explanation fails to explain. Instead it tends to confuse.

That the court had theretofore correctly defined the offense does not cure the error. When there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted. We may not assume that the jurors possessed such discriminating knowledge of the law as would enable them to disregard the erroneous and to accept the correct statement of the law as their guide. We must assume instead that the jury in coming to a verdict, was influenced by that part of the charge that was incorrect. *S. v. Mosley,* 213 N. C., 304, 195 S. E., 830; *Templeton v. Kelley,* 217 N. C., 164, 7 S. E. (2d), 380; *S. v. Starnes,* 220 N. C., 384, 17 S. E. (2d), 346, and cited authorities; *S. v. Walsh,* 224 N. C., 218, 29 S. E. (2d), 743.

The error in the charge entitles defendant to a new trial and it is so ordered.

New trial.