## STATE v. FRANK RANDOLPH.

(Filed 20 September, 1950.)

**1. Rape § 25—**

In a prosecution for an assault with intent to commit rape, a repeated instruction defining the offense as an assault with an intent to have sexual intercourse with prosecutrix "without her conscious express permission" must be held for reversible error notwithstanding that in other portions of the charge the jury was instructed that the intent must be to accomplish the act "forcibly and against her will," and notwithstanding that the question of consent or permission was not mooted.

**2. Rape § 24—**

Assault with intent to commit rape is not the same as an attempt to commit rape, but is an assault with the requisite felonious attempt. G.S. 14-22.

APPEAL by defendant from *Moore, J.,* March Term, 1950, of CASWELL.

Criminal prosecution on indictment charging the defendant with an assault with intent to commit rape on one Margaret Shelton.

The scene of the alleged offense was near Lowrey's Sawmill about seven miles from Yanceyville, Caswell County. The time around 5:00 o'clock in the afternoon of 26 December, 1949. The testimony of the prosecuting witness, a female 32 years of age, and an inmate on probationary leave from Dix Hill, Raleigh, taken in its most favorable light for the prosecution, was sufficient to carry the case to the jury and, if believed, to warrant a conviction. The defendant, while admitting his presence in the neighborhood at the time, denied any knowledge of the offense and testified that he did not see the prosecuting witness on the afternoon in question.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison at hard labor for a term of 15 years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*D. Emerson Scarborough for defendant.*

STACY, C. J. The case is here principally upon exceptions to the charge. Without undertaking to recapitulate the evidence, or to apply the law to the facts in the case, the court gave several definitions of an assault with intent to commit rape, including the following, to which exceptions are taken:

"An assault with intent to commit rape is an assault by a person intending to gratify his passions on the person of a woman notwithstanding any resistance on her part. . . . So an attempt to commit rape is an assault upon a woman with this intent to gratify his passion or to have carnal knowledge, simply expressed as sexual intercourse, at all hazards, and against her will, or without her conscious express permission." And further: "When a man assaults a woman, and when he does so with intent to have intercourse with her against her will, that is an assault with intent to commit rape."

The alternative expression in the second instruction, "or without her conscious express permission," appears twice in the charge. While its repeated use might be considered harmless on the facts of the present record, the question of consent or permission not being mooted, still as the jury was left to make its own application of the charge to the facts in the case we cannot say this was done without prejudice to the defendant, especially in view of the variant definitions given of an assault with intent to commit rape. Without the conscious express permission of the prosecutrix is not perforce the same as "forcibly and against her will,"

or without her consent which may be express or implied. *S. v. Overcash,* 226 N.C. 632, 39 S.E. 2d 810; *S. v. Jones,* 222 N.C. 37, 21 S.E. 2d 812; *S. v. Adams,* 214 N.C. 501, 199 S.E. 716; *S. v. Hewett,* 158 N.C. 627, 74 S.E. 356; *Hayes v. Lancaster,* 200 N.C. 293, 156 S.E. 530.

The crime charged is not an attempt to commit rape, but an assault with intent to commit rape. *S. v. Overcash, supra.* The assault with the requisite felonious intent is the gist of the offense. G.S. 14-22.

Another hearing seems necessary. It is so ordered.

New trial.