EDWARD H. MOODY, JR.,
PETITIONER FOR WRIT OF HABEAS CORPUS
*vs.*
J. WALLACE LOVELL
WARDEN, MAINE STATE PRISON

Knox. Opinion, October 6, 1950.

*Christopher S. Roberts*, for petitioner.

*Ralph W. Farris, Attorney General,*
*John S. Fessenden,*
   *Deputy Attorney General,* for J. Wallace Lovell.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On report. At the term of the Superior Court held in Skowhegan, in the County of Somerset, on the second Tuesday of January, A.D. 1946, the petitioner, Edward H. Moody, Jr., was found guilty on an indictment which alleged that on April 10, 1944, at Pleasant Ridge Plantation, in said county, he:

> "on one Catherine Beaudoin, a female child under fourteen years of age, to wit: of the age of thirteen years, feloniously did make an assault, and her the said Catherine Beaudoin, then and there feloniously, and unlawfully, did attempt to carnally know and abuse, against the peace of the State and contrary to the form of the statute in such case made and provided."

Upon his conviction he was sentenced to imprisonment in the state prison for a term of twenty years and was duly committed thereto in execution of said sentence. At the time of the institution of the habeas corpus proceedings

here in question, he was in the custody of the defendant, J. Wallace Lovell, as Warden of the State Prison, in pursuance of said sentence.

On March 3, 1950 Moody filed a petition for a writ of habeas corpus. By order of a Justice of the Superior Court the writ of habeas corpus was issued and Moody brought before said justice for a hearing thereon. The defendant sought to justify his detention of the prisoner under the order of commitment issued in pursuance of the foregoing sentence. The sole question in issue was the validity of the sentence. The case was reported to this court for final decision with the following stipulation:

> "The sole question being whether the indictment, conviction and record upon which said petitioner was sentenced to imprisonment, at hard labor, for twenty (20) years in the State Prison at Thomaston, in the County of Knox was authorized and was a legal sentence, or whether the indictment only alleged an aggravated assault and upon conviction for which only a sentence of a maximum of five years was authorized."

The issue is whether the indictment sufficiently charges an assault with an intent to commit a rape on a female child under the age of fourteen years in violation of R. S., Chap. 117, Sec. 12, or charges an assault in violation of Chap. 117, Sec. 21. If the indictment sufficiently sets forth a violation of the statute providing a punishment for an assault with intent to commit a rape the sentence imposed was authorized by Sec. 12, *supra*, and the writ of habeas corpus must be discharged. On the other hand, if the indictment charges only an assault in violation of Sec. 21, *supra*, even though the assault was of a high and aggravated nature, the maximum sentence which could have been imposed was imprisonment for five years. With the statutory time off for good behavior which has been credited to him, the petitioner would have fully completed and served a sentence of five years on February 24, 1950. If he could have been sen-

tenced only for violating the provisions of Sec. 21, *supra*, he should be discharged because he has already served the maximum sentence which could have been imposed therefor.

R. S., Chap. 117, Sec. 12 is as follows:

> **"Assault with intent to commit rape; penalty.** Whoever assaults a female of 14 years of age or more, with intent to commit a rape, shall be punished by a fine of not more than $500, or by imprisonment for not more than 10 years. If such assault is made on a female under 14 years, such imprisonment shall be for not less than 1 year, nor more than 20 years."

R. S., Chap. 117, Sec. 10 is as follows:

> **"Rape, definition; penalty.** Whoever ravishes and carnally knows, any female of 14 or more years of age, by force and against her will, or unlawfully and carnally knows and abuses a female child under 14 years of age, shall be punished by imprisonment for any term of years."

The word "rape" as used in Sec. 12 means the offense for which punishment is provided in Sec. 10. It includes not only the ravishment of a female of 14 or more years of age by force and against her will but also the unlawful carnal knowledge and abuse of a female child under the age of 14 years. The question of whether or not carnal knowledge and abuse of a female child under the age of consent is rape or a distinct statutory offense sometimes denominated "statutory rape" is one upon which text writers and learned justices have differed. The question *here* is not whether the offense of unlawfully carnally knowing and abusing a female under the age of 14 years is or is not rape within the strict meaning of that word. The question *here* is whether or not the legislature by the use of the word "rape" in Sec. 12 intended thereby to include the offense punishable under Sec. 10 whether the same be perpetrated on a female over 14 years of age by force and against her will or by the un-

lawful carnal knowledge and abuse of a female child under the age of 14 years.

Sections 10 and 12 of R. S., Chap. 117 have their sources in statutory provisions of the mother Commonwealth of Massachusetts in force long before and at the time of the separation. A complete history of the Massachusetts legislation prior to the separation is to be found in the case of *Commonwealth* v. *Roosnell,* 143 Mass. 32. The statutes in existence at the time of the separation in all essentials were re-enacted in this state in Laws of Maine 1821, Chap. 3, Secs. 1, 2, 3 and 4. Except for changes in the severity of punishment and the raising of the age of consent, first to 13 years, and then to 14 years, all of the essential elements of Sec. 10 of the present law are the same as those in Sec. 1 of said Chap. 3 of the Laws of 1821, and except for the same changes the provisions with respect to an assault on a female child under the age of 14 years with intent to commit a rape in Sec. 12 of the present law are the same as those in P. L., 1821, Chap. 3, Sec. 4.

In the case of *Commonwealth* v. *Roosnell, supra,* after reviewing the history of the Massachusetts statutes the Massachusetts court said:

"The Rev. Sts. c. 125, s. 18, provided for the punishment of any person who should ravish and carnally know any female of the age of ten years or more, by force and against her will, or should unlawfully and carnally know and abuse any female child under the age of ten years; and, in s. 19, provided for the punishment of any person who should 'assault any female with intent to commit the crime of rape.' No other provision was made for assault upon a child with intent to carnally know and abuse her, and no mention was made by the commissioners of any intention to change the law, by omitting altogether all provision for this offence. It is apparent that s. 19 was intended to be as comprehensive as the Sts. of 1805, c. 97, s. 3, and 1815, c. 86, both of which are referred to in the margin; and that the offence of assaulting a

> young female child with intent unlawfully and carnally to know and abuse her was included under the description of assaulting 'any female with intent to commit the crime of rape.' The language of the Gen. Sts. c. 160, s. 27, and of the Pub. Sts. c. 202, s. 28, is in substance the same, and bears the same construction.
>
> It thus appears that the Legislature intended, by the Pub. Sts. c. 202, s. 28, to punish, as a criminal offence, an assault upon a female child under the age of ten years, with intent carnally to know and abuse her."

To this construction of the Massachusetts statutes by the Massachusetts court we give our unqualified approval, and we construe our own similar statutes derived from the same previous legislation in force here before the separation in the same way.

The changes made by the amendments raising the age of consent of the female child first to 13 years and then to 14 years should not and do not change the construction of the phrase "with intent to commit a rape." No changes were made in the provisions of the statute except with respect to the age of the female child. In each instance when the age of consent was raised in the statute punishing the crime of rape, a corresponding raise in the age of consent was made in the section punishing assault with intent to commit a rape. See Public Laws 1887, Chap. 127, Secs. 1 and 2 and Public Laws 1889, Chap. 180, Secs. 1 and 2.

The phrase "with intent to commit a rape" as used in R. S., Chap. 117, Sec. 12 means an intent to commit those acts punishable under Sec. 10, including unlawfully and carnally knowing and abusing a female child under 14 years of age.

An assault with intent to commit a rape upon a female child under 14 years of age requires the specific intent to unlawfully and carnally know and abuse such female child. As the statutory crime of assault with intent to commit a

rape requires *proof* of a specific intent, the long established rules of criminal pleading require that the indictment set forth that the assault was made with the required specific intent. *Galeo* v. *State*, 107 Me. 474. The crime interdicted by Sec. 10 is "unlawfully and carnally knowing and abusing" and the indictment for assault with intent to commit that crime must set forth that the assault was made with such intent.

The indictment here in question does not use the words "with the intent" but after alleging the making of the assault continues "and her the said Catherine Beaudoin, then and there feloniously, and unlawfully, did attempt to carnally know and abuse, against the peace of the state and contrary to the form of the statute in such case made and provided." The question upon which the decision of this case turns is whether or not the foregoing allegation in the indictment sufficiently sets forth the required specific intent.

In the case of *State* v. *Lynch*, 88 Me. 195, which was an indictment for an assault with intent to kill and murder, a statutory offense which requires a specific intent, this court laid down the rule with respect to the use of the words of the statute setting forth the elements of a statutory crime. In that case we said:

> "It is also necessary that the indictment should employ 'so many of the substantial words of the statute as will enable the court to see on what one it is framed; and, beyond this, it must use all the other words which are essential to a complete description of the offense; or, if the pleader chooses, words which are their equivalent in meaning; or, if again he chooses, words which are more than their equivalents, provided they include the full significations of the statutory words, not otherwise.' Bishop on Criminal Procedure, vol. 1, Sec. 612.
>
> In State v. Hussey, 60 Maine, 410, it is said:
> 'An indictment should charge an offense in the words of the statute or in language equivalent

thereto.' In that case the language used was not equivalent to the statutory words, nor did it have a broader meaning, including the significations of the words of the statute.

We think it is sufficient if the words used in the indictment are more than the equivalent of the words of the statute, 'provided they include the full significations of the statutory words.'"

The court then applied this rule to the required allegation of the specific intent to kill and murder. See also *State* v. *Hussey*, 60 Me. 410 and *State* v. *Keen, State* v. *Hutchinson*, 34 Me. 500. The above rule laid down in *State* v. *Lynch*, *supra* was approved in the very recent case of *Smith, Petitioner* v. *State of Maine*, 145 Me. 313. If, therefore, the word "attempted" as used in this indictment is the equivalent of or more than the equivalent of the statutory phrase "with the intent" the indictment sufficiently sets forth the intent.

In the case of *Fowler* v. *State*, 148 S. W. (Tex.) 576, the court said at 577:

"It is thus seen that in charging a violation of article 608 on a female under fifteen years it is only necessary to allege and prove that an *assault* was made with the intent to commit the offense of rape. In this indictment it is alleged that defendant made an assault on the female, and did then and there *attempt to ravish* and have carnal knowledge of the said Cora Lee Stout. In the case of Taylor v. State, 44 Tex. Cr. R. 153, 69 S.W. 149, it is held that an indictment drawn in terms similar to this one charges an offense under article 608; and the use of the word 'attempt,' in lieu of the word 'intent,' in the indictment is held to be a sufficient compliance with the Code. Mr. Bishop, in his Procedure, says: 'It seems impossible to doubt that the only distinction between an "intent" and an "attempt" to do a thing is that the former implies the purpose only, while the latter implies both the purpose and an actual effort to carry that purpose into

execution.'  Atkinson v. State, 34 Tex. Cr. R. 424, 30 S.W. 1064; Hart v. State, 38 Tex. 383; Brown v. State, 27 Tex. App. 330, 11 S.W. 412; Witherby v. State, 39 Ala. 702; State v. Bullock, 13 Ala. 413; Gandy v. State, 13 Neb. 445, 14 N.W. 143; Scott v. People, 141 Ill. 195, 30 N.E. 329; United States v. Barnaby (C.C.) 51 Fed. 20; State v. Evans, 27 Utah, 12, 73 Pac. 1047; Johnson v. State, 27 Neb. 687, 43 N.W. 425; State v. McGinnis, 158 Mo. 105, 59 S.W. 83.  It is thus seen the allegations in the indictment are sufficient to charge an offense on a female under 15 years of age, under article 608."

The attorney for the petitioner in his brief cites *State* v. *Goldston,* 103 N. C. 323 which is directly contrary to the rule laid down by the Texas court in *Fowler* v. *State, supra.* He seems to have been unaware, however, that the North Carolina court in *State* v. *Hewett,* 158 N. C. 627, 74 S. E. 356, overruled the *Goldston* case and *State* v. *Martin,* 14 N. C. 329, the case cited as authority therefor.  In *State* v. *Hewett* the North Carolina court said:

"We are unable to see how a man can commit a felonious assault upon a female, and attempt to ravish her, without intending it.  The words used in the bill, ex vi termini, necessarily import an intent to commit rape, and are amply sufficient to give the defendant full notice of the crime with which he stands charged, and that is the chief purpose of a bill of indictment."

The results reached in *Fowler* v. *State* and *State* v. *Hewett, supra,* are in accord with the decisions by this court that it is sufficient in charging the commission of a statutory crime to use words which are the equivalent or more than the equivalent of the statutory language setting forth the necessary elements constituting the statutory crime. Counsel for the respondent strenuously urges that to follow the rule laid down in the foregoing cases would in effect overrule *Galeo* v. *State, supra.*  In this he is clearly in error. *Galeo* v. *State* did not overrule *State* v. *Lynch, supra.*  The

two cases are entirely consistent one with the other. In *State* v. *Lynch* equivalent words were used. In *Galeo* v. *State* there were no allegations of fact which were the equivalent or more than the equivalent of an allegation of the specific intent required by the statute, to wit, the "intent that any person or property passing on the same (railroad tracks) should be injured." There is no exception to the general rule set forth in *State* v. *Lynch* which applies to the manner in which the specific intent which is a necessary element of a statutory crime must be alleged. Words which are the equivalent of, or more than the equivalent of the allegation of the required specific intent are sufficient. In fact, in *State* v. *Lynch* the court applied this rule to the allegation of the specific intent which was a necessary element of the statutory crime involved in that case.

An attempt to do an act necessarily includes an intent to do the act. An allegation that one attempted an act *ex vi termini* alleges an intent to do the act. Therefore, an allegation that one made an assault and attempted to commit an offense is the equivalent of an allegation that he made the assault with the intent to commit such offense. In reaching this conclusion we are further borne out by the decision in *State* v. *Jones*, 125 Me. 42. In that case it was urged that an indictment for an attempt did not sufficiently set forth the intent with which the alleged overt acts were committed. The indictment alleged that they were done "in attempting to commit said offense." We said in that case:

> "If done in attempting to commit the offense, it follows *ex vi termini* that they were done with the intent to commit the offense.
>
> While not in commendable form, we think it is a sufficient allegation that the overt acts were done with the intent to commit the principal offense."

We hold that the words used in this indictment which sufficiently charged that the defendant assaulted a female

child under 14 years of age, to wit, of the age of 13 years and her "feloniously, and unlawfully, did attempt to carnally know and abuse against the peace of the State, etc.," sufficiently charged an assault upon such child "with intent to commit a rape" and sufficiently charged a violation of R. S., Chap. 117, Sec. 12. This being true, the sentence imposed upon the petitioner, being authorized by said Sec. 12, was a legal sentence and the writ of habeas corpus by the terms of the report must be discharged. The record further shows that the Justice of the Superior Court who issued the writ of habeas corpus and who reported the cause to this court ordered the "prisoner remanded pending decision by Law Court on report." As the writ must be discharged the petitioner should also be remanded to the custody of the Warden of Maine State Prison in execution of sentence.

*Writ discharged.*

*Petitioner remanded to the Warden of Maine State Prison in execution of sentence.*