STATE *v.* MOOSE.

STATE OF NORTH CAROLINA v. R. J. MOOSE, ALIAS JACK MOOSE.

(Filed 13 April, 1966.)

**Rape §§ 17, 18—**

The intent constituting an essential element of the crime of assault on a female with intent to commit rape is the intent of the male to satisfy his passion on the person of the woman at all events, against her will and notwithstanding any resistance she may make, and a charge that

STATE *v.* MOOSE.

such intent is the intent of the male to satisfy his passion on the person of prosecutrix without her consent and against her will, is insufficient.

MOORE, J., not sitting.

APPEAL by defendant from *Crissman, J.,* October 1965 Criminal Session of IREDELL.

*Attorney General T. Wade Bruton, Assistant Attorneys General George A. Goodwyn and Millard R. Rich, Jr., for the State.*
*L. Hugh West, Jr., for defendant appellant.*

PER CURIAM. Defendant was indicted for, and convicted of, an assault with intent to commit rape. He appeals from a prison sentence. Evidence for the State tended to show: Defendant, who had offered to take prosecutrix home from work after midnight on September 18, 1965, took her "down in a big old bottom," where he attempted to rape her; she escaped from the car. He pursued her, but she successfully eluded him. Defendant's version: He is a married man with "eleven children at home and one to come." He "was a minister for 18 years of honest to goodness preaching," but "just let another woman or two get in his way." The first time he saw prosecutrix, he concluded that she was a "push over." On the night in question they had an assignation, but when she resisted his advances he offered to take her home. Notwithstanding, she left his car and walked home, while he "escorted" her by driving along beside her.

Defendant assigns as error the following portion of his Honor's charge:

> "Now, members of the jury, an assault can be a threat to do harm, one does not have to even lay his or her hands upon another party to be guilty of an assault, but by the laying on or touching with the hand or accompanied by a threat, that becomes an assault and battery. Then, as I have stated, if a person lays his hand upon a woman or threatens a woman, with the intent at that time to satisfy his passion on her person, without her consent and against her will, and making threats, if that is not accomplished, that is an assault with intent to commit rape."

This assignment of error must be sustained. To convict one of the crime of an assault with intent to commit rape, the State must prove (1) an assault by a male upon a female (2) with the felonious intent to commit rape. "(T)he felonious intent is the intent to gratify his passion on the person of the woman *at all events against her will*

*and notwithstanding any resistance she may make." State v. Over-
cash,* 226 N.C. 632, 634, 39 S.E. 2d 810, 811. (Italics ours.)

The court thereafter correctly defined the offense, but we may
not assume that the jurors accepted the correct statement of the law
as their guide.

The error in the charge entitles the defendant to a
New trial.

MOORE, J., not sitting.