STATE OF NORTH CAROLINA v. HAROLD ATHEGENE MUNDAY, JR.

No. 6919SC324

(Filed 13 August 1969)

**1. Rape § 18— assault with intent to commit rape — instructions**

In this prosecution for assault with intent to commit rape, the trial court amply instructed the jury as to the elements necessary to be proved to convict defendant of the crime charged.

**2. Rape § 18— assault with intent to commit rape — instructions — intent to have carnal knowledge**

In this prosecution for assault with intent to commit rape, statement in the charge that it is incumbent upon the State to satisfy the jury beyond a reasonable doubt that defendant assaulted prosecutrix with intent to have carnal knowledge of her does not constitute prejudicial error in failing to state that defendant must have intended to have carnal knowledge of prosecutrix at all events, forcibly and against her will and notwithstanding resistance on her part, where the court correctly instructed the jury in sentences immediately preceding and following the erroneous statement.

**3. Rape § 18— assault with intent to commit rape — instructions — assault on a female**

In this prosecution for assault with intent to commit rape, trial court's instructions did not leave the impression that if the jury found defendant

not guilty of assault with intent to commit rape, they must find him guilty of assault on a female.

**4. Rape § 18—  assault with intent to commit rape — instructions — consent of prosecutrix**

In this prosecution for assault with intent to commit rape, the trial court adequately instructed the jury with respect to defendant's defense of consent by the prosecutrix.

APPEAL from *Seay, J.,* 9 December 1968 Criminal Session, Superior Court of ROWAN.

Defendant was tried for and convicted of assault with intent to commit rape. From judgment entered on the verdict, defendant appealed.

Defendant's only assignments of error are to the charge of the court. The questions presented do not necessitate a statement of the facts.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney Fred P. Parker, III, for the State.*

*Graham M. Carlton for defendant appellant.*

MORRIS, J.

[1]  Defendant first complains that the trial judge in defining assault erred in explaining what facts were necessary in order to find the defendant guilty of the crime charged. It appears that the court amply instructed the jury as to the elements necessary to be proved to convict a person of assault with intent to commit rape. *State v. Overcash,* 226 N.C. 632, 39 S.E. 2d 810; *State v. Jones,* 222 N.C. 37, 21 S.E. 2d 812. This assignment of error is without merit.

[2]  Defendant next contends that prejudicial error was committed by the court in this quoted excerpt from the charge: "So, you see, it is incumbent upon the State, not only to satisfy you beyond a reasonable doubt that the defendant assaulted the prosecuting witness, but that he assaulted her with the intent to have carnal knowledge of her", for that the court failed to state that the intent to have carnal knowledge of her must have been "at all events against her will and notwithstanding any resistance she may make". Lifted out of context and standing alone, it is conceded that the sentence quoted is error. However, when the sentence is read in context with the sentence immediately preceding it and the one immediately following it, no prejudicial error could have resulted. The court instructed the jury immediately preceding the sentence excepted to as follows:

"The terms carnal knowledge and sexual intercourse are synonymous. The burden of proof with reference to the offense charged in the Bill of Indictment rests upon the State of North Carolina to satisfy you, and each of you, from the evidence and beyond a reasonable doubt that Harold A. Munday, Jr., assaulted the prosecuting witness, Shirley Messick, a female person; that he assaulted her with the intent to gratify his passion, to have carnal knowledge of her at all hazards, forcibly and against her will, notwithstanding any resistance on her part."

The sentence immediately following was:

"Now, the intent to commit a rape is the intent which would exist in the minds of a man at the time he committed the assault on the woman to gratify his passion, and to have carnal knowledge of her at all cost, forcibly and against her will, notwithstanding any resistance on her part."

This assignment of error is overruled.

[3]     The defendant next contends that the court did not adequately explain to the jury that they could find defendant not guilty of both assault with intent to commit rape and assault of a female but left the impression that if they found him not guilty of assault with intent to commit rape, they must find him guilty of assault on a female. On the contrary, the court clearly instructed the jury that they could find the defendant guilty of the crime charged, or not guilty; that if they found him guilty of assault with intent to commit rape they would not consider assault on a female; that if they found him not guilty of assault with intent to commit rape, they would consider whether he was guilty of assault on a female, and as to that, could find him guilty or not guilty. We do not perceive that confusion could have resulted from the charge in this respect in either portion of the charge in which it occurred. This assignment of error is overruled.

[4]     The defendant also contends that the court failed adequately to instruct the jury with respect to defendant's main defense — consent of the prosecuting witness. However, the court clearly instructed the jury that defendant contended that on the occasion in question he used no force, that he did not assault the prosecuting witness, that the sexual intercourse they had was had with her consent and with her co-operation, and that it was not done against her will. The jury was repeatedly instructed that in order to convict the defendant the jury would have to find the assault was committed with intent on the part of defendant to gratify his passion, or to have

carnal knowledge of the prosecuting witness at all hazards *without her consent,* forcibly and against her will, notwithstanding any resistance on her part.

Considering the charge as a whole, and not disconnectedly, as every charge must be, *Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E. 2d 36, we are of the opinion and so hold that it leaves no reasonable cause to believe the jury was misled or misinformed. The assignments of error directed to the charge are overruled.

No error.

CAMPBELL and BROCK, JJ., concur.