## COUNTY OF CUMBERLAND.

† STATE OF MAINE *versus* BLAKE.

By the law of this State, rape consists in a man's ravishing and carnally knowing any female of the age of ten years or more, *by force,* and against her will.

An indictment for an intent to commit that crime, which contains no allegation of *force* or words of *equal* significance, is defective and will furnish no basis for a judgment upon it.

Thus, where the defendant is found guilty of an intent to commit a rape, but the indictment alleged the design was to be accomplished *violently,* instead of *by force,* judgment must be arrested.

ON EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

INDICTMENT.

The allegations were, that the defendant " with force and arms and unlawfully, in and upon the body of one Sarah Jane Lowell, she, the said Sarah, being then and there between ten and eleven years of age, an assault did make; and her, the said Sarah Jane Lowell, did then and there beat, abuse, strike, wound and ill treat; with intent her, the said Sarah Jane Lowell, violently and against her will, then and there feloniously to ravish and carnally know, and other wrongs," &c.

The jury found the defendant guilty.

A motion was filed in arrest of judgment, in which several causes were assigned, but one only is it necessary to notice, which was, that the essential words " by force," were not found in the indictment.

This motion was denied and exceptions filed.

*Clifford,* in support of the exceptions, cited Arch. Crim. Plead. 52; *Smith* v. *State,* 33 Maine, 58; *U. S.* v. *Gording,* 12 Wheat. 460; 1 Chitty's Crim. Law, 280; 2 Hawk. P. C., c. 25, § 110; 2 East's P. C., 985, § 58; *U. S.* v. *Clark,* 1

Gal. 499; *People* v. *Allen,* 5 Denio, 76.; Starkie's Crim. Plead., 225; *Com.* v. *Maxwell,* 2 Pick. 139; *Com.* v. *Tuck,* 20 Pick. 362.

*Abbott,* Attorney Gen., *contra,* cited Webster's Dictionary, word "violently," and contended it was synonymous with the statute word.

TENNEY, J. — The defendant is charged in the indictment, with having committed an assault upon Sarah J. Lowell, a female, between the ages of ten and eleven years, with intent her, the said Sarah J. Lowell, violently and against her will, then and there to ravish and carnally know, &c., contrary to the form of the statute, &c. One cause assigned for the arrest of the judgment, in the motion filed, is that the charge in the indictment is not in conformity to the § § 17 and 27 of c. 154, R. S., and fatally defective, by reason of the omission to allege in the indictment, that the intent of the defendant to ravish and carnally know was " by force."

By § 17, rape consists in a man's ravishing and carnally knowing any female of the age of ten years or more, by force and against her will, &c. To constitute the offence of an assault, with intent to commit a rape, under the 27th section, the rape intended by the person making the assault, if necessary by reason of resistance in the party assaulted, for the gratification of his lusts upon her person, must be the same. Or, as PATTERSON, J., in *Rex* v. *Lloyd,* 7 Car. & Payne, 318, instructed the jury, " In order to find the prisoner guilty of an assault, with intent to commit a rape, you must be satisfied, that the prisoner, when he laid hold of the prosecutrix, not only desired to gratify his passions upon her person, but that he intended to do so, at all events, and notwithstanding any resistance on her part."

The indictment does not follow the language of the statute; but for the words "by force," is substituted the adverb "violently," which the Attorney General insists in argument is, in all respects, equivalent to the words omitted.

In looking into the most approved and accurate dictionaries of the English language, it is found that the definition of the word "force" is "strength, vigor, might, energy, power, violence, validity, armament, necessity." And that the signification of the term "violently," is "with violence, forcibly, vehemently."—Worcester. According to Webster "force" means "strength, active power, vigor, might, momentum, violence, virtue, efficacy, validity. "Violently," by the same author, signifies "with force," forcibly, vehemently."

It is very obvious, that by the substitution, in an indictment for a rape, or an assault with intent to commit a rape, many of the definitions of the word "force," for that term, would make the charge for such offences little less than absurd. And because the word "violently," may have a meaning somewhat similar, by some of the definitions, to the words "by force," it does not follow, that the indiscriminate use of one for the other, in an indictment like the one before us, would be at all proper.

The term "by force," when applied to the acts of a man, in illicit sexual intercourse with a female, it is believed, has a peculiar and technical meaning, which lexicographers have not always defined with precision. The definition nearest to its exact meaning, of the word "force," is "violence; power exerted against will or consent."—Webster. But it will be seen, that this signification is less restricted, than that obviously intended by the statute, which we are considering, although the true meaning in the statute may be embraced. One signification of the active verb "to force," is "to ravish, to violate by force, as a female," and conveys to the mind ideas, similar to those, which are imparted by the words "by force," which give to the acts of a person, the character essential, to constitute a rape. The adverb "violently," has a more general meaning ordinarily, and is not believed to be an appropriate word to be used in a charge for an offence of this kind, and is not understood to be common with experienced and accurate criminal pleaders, in indictments under this or the like statutes. If used by a man in applica-

State *v.* Blake.

tion to acts of sexual intercourse, without any of the accompanying language of this indictment, indicating compulsion, it would hardly, of necessity, import a crime against the person of the female, who was the subject of the acts; whereas, if the words "by force" were used, unaffected by the language denoting the assault, such as "against her will," and to "ravish and carnally know," it would be quite otherwise.

The acts necessary to constitute the crime of rape, must be done "by force," and these words, or something equally significant, in addition to the other language used in the statute, cannot be dispensed with, in an indictment founded thereon. We think it very clear that the word substituted in this case does not fulfill the demand of the statute.

*Judgment arrested,— defendant discharged.*