STATE OF MAINE *vs.* SAMUEL D. HAYNES.

Knox.    Opinion October 20, 1882.

*Solitary confinement in state prison.  R. S., c. 140, § 34.  Stat. 1872, c. 64.*

The abolition of solitary confinement as a punishment by stat. 1872, c. 64, is entire and universal, "excepting for prison discipline," and that is to be enforced by the warden within the precincts of the prison, and by no one else.

ON REPORT.

The opinion states the case.

*J. O. Robinson,* county attorney, for the state.

*D. N. Mortland,* for the defendant.

APPLETON, C. J.    The defendant, a prisoner confined in the state prison for life, being indicted for forcibly attempting to break said state prison and escape therefrom and likewise for a felonious assault with a dangerous weapon, to wit, a knife, upon Ira B. Northey an officer in said prison, with intent to kill and murder him, upon being arraigned, pleaded guilty to both indictments.

The question presented for our determination is whether the court can impose the sentence of solitary confinement.

By R. S., c. 140, § 2, "all punishment in the state prison by imprisonment shall be by confinement to hard labor, and *not* by solitary confinement, *unless otherwise specially provided;* but solitary imprisonment may be used as a prison discipline for the government of the convicts, as hereinafter mentioned."

The power of the court to impose solitary confinement is peremptorily prohibited, "unless otherwise specially provided."

The only exception to the general rule is to be found in § 34[1] of the same statute.

By that section (34) it is enacted that, "if any convict sentenced in the state prison for life assaults any officer or other person employed in the government thereof, or breaks or escapes therefrom, or forcibly attempts so to do, he may be punished by solitary imprisonment in the state prison not more than one year, and may be afterwards held in custody on his former sentence. . . . The warden shall certify the fact of a violation of the foregoing provisions to the county attorney of the county of Knox, who shall prosecute such convict, that he may be punished as provided in this section."

The prosecution for this offence is by indictment. It is to be tried as any other offence. There may be a verdict or the person indicted may plead guilty. A sentence is to be imposed, as a punishment for the crime committed. The solitary imprisonment prohibited by § 2, is authorized only by § 34. It can only be imposed by virtue of the provisions of these sections.

But by c. 64 of the acts of 1872 "solitary imprisonment in the state prison is hereby abolished excepting for prison discipline."

The sentence under § 34 is for a specific offence. It is authorized specially by the exception in § 2. There is no other statute by which this punishment could be imposed. Unless the punishment of solitary confinement under § 34 is prohibited by the act of 1872, c. 64, the latter act is utterly ineffectual. There is nothing on which it can operate. It might as well never have been passed. Its passage repealed solitary imprisonment as punishment to be imposed by the court.

The abolition of solitary confinement as a punishment is entire and universal "excepting for prison discipline," but prison discipline is to be enforced by the warden within the precincts of the prison and by no one else.

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.