## STATE *vs.* WILLIAM McLEOD.

### Penobscot.    Opinion December 9, 1902.

*Officer.   Rescuing Prisoner.   R. S., c. 122, § 16; c. 133, § 4.*

In the trial of the respondent upon an indictment for forcibly rescuing a prisoner lawfully detained for a criminal offense, it is not necessary for the government to prove that the rescued prisoner had been subsequently convicted of the offense for which he was under arrest. It is sufficient for the government to show by any competent evidence that the prisoner was lawfully detained for a criminal offense.

The forcible rescue of a prisoner may be accomplished without the exercise of physical force, if by threats, menaces or demonstrations, the officer having the prisoner under arrest is compelled to yield thereto and to let his prisoner go.

The presiding justice gave the jury the following instruction in regard to the meaning of the word "forcible" in its connection in the statute under which the indictment was found: "Any force, whether physical or mental, or any kind of force that tends to drive or compel or force the officer to let the man go, and the officer yields to that force and lets the man go, not because he thinks it is right to let him go, but because he yields to the force, that is forcible. It is enough that the officer be made to understand that if he does not let that man go there will be force used, and there will be a breach of the peace, impelling the officer to let the man go."

*Held;* that this instruction is correct.

Exceptions by defendant.    Overruled.

The case appears in the opinion.

*B. L. Smith,* County Attorney, for State.

*F. J. Martin and H. M. Cook,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, JJ.

WISWELL, C. J. The respondent was indicted under R. S., c. 122, § 16, for forcibly rescuing a prisoner lawfully detained for a criminal offense. The prisoner, alleged to have been rescued, had been arrested by a deputy sheriff, without a warrant, for the offense

of being found intoxicated in a public place.    The defendant's coun-
sel, claiming that the government had not shown that the prisoner
was lawfully detained for a criminal offense, seasonably requested
that the following instruction be given to the jury:

"When an officer arrests a person for an alleged offense not
amounting to a felony, that is, a misdemeanor, without any warrant,
before a person can be convicted of forcibly rescuing the prisoner
from said arrest, the government must show that the person thus
arrested has been convicted, because if the person thus arrested is
afterwards on his trial for said alleged offense acquitted, it would
show conclusively that the alleged offense had not been committed."

The respondent's first exception is to the refusal of the presiding
justice to give this instruction.    The requested instruction was prop-
erly refused.    It was, of course, one of the essential elements of the
offense for the government to prove that the person alleged to have
been rescued was lawfully detained for a criminal offense.    If such
prisoner was found by the deputy sheriff violating any law of the
State, it was his duty to arrest and detain him until a warrant could
be obtained.    R. S., c. 133, § 4; *Palmer* v. *Maine Central Railroad
Co.*, 92 Maine, 399.    Any competent evidence showing that this
prisoner had been found by the deputy sheriff who arrested him,
violating any law of the State was sufficient, and it was not necessary
to show his subsequent conviction of the offense for which he had
been arrested.

The respondent's remaining exception is as to the court's instruc-
tion as to the meaning of the word "forcible" in the statute above
referred to.    The presiding justice first explained to the jury what
would constitute a rescue of the prisoner; he then explained the
meaning of the word "forcible" in its connection in this statute, say-
ing that the word did not necessarily mean physical force.    Finally
he gave this instruction:    "That any force, whether physical or
mental or any kind of force that tends to drive, or compel or force
the officer to let the man go, and the officer yields to that force and
lets the man go, not because he thinks it is right to let him go, but
because he yields to the force, that is forcible.    It is enough that the
officer be made to understand that if he does not let that man go

there will be force used, and there will be a breach of the peace, impelling the officer to let the man go."

We think that this instruction was correct and gave an accurate definition of the word as used in this statute. It was sufficient to make clear to the jury the distinction between such arguments, inducements, statements and promises, upon the one hand, as might be properly made for the purpose of obtaining the release of a prisoner; and, upon the other, that force, which might and did compel the officer to let the prisoner go, "not because he thinks it is right to let him go, but because he yields to the force." A forcible rescue of a prisoner may be accomplished without the exercise of physical force, if by threats, menaces or demonstrations an officer is compelled to yield thereto and to let his prisoner go. Such has been the construction of the word in somewhat analogous cases. See the cases cited under the title of "Forcible" in 13 A. & E. Encycl. of L., 2nd Ed. 740.

*Exceptions overruled.*