## STATE OF MAINE *vs*. FRANK MORRILL.

### Cumberland.    Opinion February 27, 1909.

*Criminal Law.    Statutes.    Conviction.    Sentence.    Statute, 1905, chapter 106.*
*Revised Statutes, chapter 135, section 26.*

Revised Statutes, chapter 135, section 26, as amended by chapter 106, Public
Laws, 1905, provides that " sentence shall be imposed upon conviction,
either by verdict or upon demurrer, of a crime which is not punishable by
imprisonment for life, although exceptions are alleged."

*Held:*  1.  That the verdict of guilty, or the decision overruling the demurrer,
is the conviction meant by the statute.

2.  That the statute so construed is constitutional, and if the exceptions are
overruled the sentence is to be executed.

On exceptions by defendant.    Overruled.

The defendant was indicted in the Superior Court, Cumberland
County, for a felonious assault on a woman, and upon trial was
found guilty.    He then filed a motion for a new trial which was
overruled.    He also filed a motion in arrest of judgment which was,
also overruled and to this ruling he excepted.    The presiding
Justice then sentenced the defendant to imprisonment in the State
Prison for two years, and to the imposition of sentence before his
prior exceptions were determined, the defendant also excepted.

The case is stated in the opinion.

Revised Statutes, chapter 135, section 26, as amended by Public
Laws, 1905, chapter 106, reads as follows :

"Section 26.    Sentence shall be imposed. upon conviction, either
by verdict or upon demurrer, of a crime which is not punishable by
imprisonment for life, although exceptions are alleged.    Questions
of law may be reserved on a report signed by the presiding Justice,
and in such case, and where exceptions are allowed, the defendant
may, when the offense charged is bailable, recognize with sureties,
in such sum as, the court orders, with conditions substantially as
follows :    ' The condition of this recognizance is such that, whereas
there is now pending in the              court, within and for the

county of          , an indictment against the said          for the offense of          , in the course of the proceedings upon which, questions of law requiring the decision of the justices of the supreme judicial court have arisen; now if said          shall personally appear before said          court, to be held in and for said county, from term to term, until and including the term of said court next after the certificate of decision shall be received from said justices, and shall abide the decision and order of said court, and not depart without license, then this recognizance shall be void.' If he does not so recognize, the court, on request of the defendant upon whom sentence is imposed may allow stay of execution of sentence, in which case commitment shall be to await final decision; otherwise, such commitment shall be in execution of sentence. When a verdict of guilty is rendered against any person for an offense punishable by imprisonment in the state prison, or any person is committed pending decision on report or exceptions, as herein provided, and remains imprisoned after the adjournment of court, he shall be admitted to bail only by the justice trying him, by some person by him appointed therefor, or by some justice of the supreme judicial court. If a person shall be so admitted to bail after commitment in execution of sentence, as above provided, such admission to bail shall vacate the effect of the original commitment, and the full term of imprisonment shall commence from the date of commitment after final decision."

*Joseph E. F. Connolly*, County Attorney, for the State.

*D. A. Meaher*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

EMERY, C. J.   The defendant was upon trial found guilty of felonious assault.   He then filed a motion for a new trial which was overruled.   He also filed a motion in arrest of judgment which was also overruled.   To this latter ruling exceptions were filed and allowed.   The court then, notwithstanding the exceptions allowed, sentenced the defendant to imprisonment in the State prison for two

years, but allowed a stay of execution of sentence upon the defendant's recognizing to abide the decision of the court. To this imposition of sentence before his prior exceptions were determined, the defendant also excepted. This latter exception is the only one argued, the former being abandoned.

Revised Statutes, chapter 135, section 26, as amended by chapter 106 of the Public Laws of 1905 provides that "sentence shall be imposed upon conviction, either by verdict or upon demurrer, of a crime which is not punishable by imprisonment for life, although exceptions are alleged." The defendant contends that there can be no conviction until his exceptions are overruled. We think it evident, however, that the verdict of guilty is the conviction meant by the statute.

The defendant further contends that the statute so construed is unconstitutional. No provision of the constitution is cited which forbids such legislation and we have found none. The statute therefore must be adjudged constitutional. *Com. v. Brown*, 167 Mass. 144.

*Exceptions overruled.*
*Mittimus to issue in execution of sentence.*