STATE OF MAINE vs. PASQUALE CAVALLUZZI.

Penobscot.    Opinion February 12, 1915.

*Arrest of Judgment.    Exceptions.    Indictment.    Prostitution.    Sex.    Woman. Words of Statute.*

1.    While it is better practice to employ the words of the statute in drawing indictments for statutory offenses, it is not essential, if equivalent words are used and all the elements of the crime are set forth.
2.    An indictment under Sec. 3, Chap. 97 of the Public Laws of 1913 is sufficient if the sex of the party wronged can be recognized from the name and the pronoun her, although the word woman is not employed.
3.    In such indictment the use of the word prostitution, as used in the statute, is sufficient without words of limitation or description.

On exceptions by defendant. .Exceptions overruled.

This is an indictment under Chap. 97, Sec. 3, of the Public Laws of 1913, against the defendant for unlawfully, feloniously and knowingly receiving, accepting and appropriating, without consideration, certain moneys from the proceeds of the earnings of one Flossie Cavalluzzi in her occupation of prostitution. The jury returned a verdict of guilty, and the defendant filed a motion in arrest of judgment, which was overruled and the defendant had exceptions.

The case is stated in the opinion.

*Donald F. Snow,* County Attorney, for the State.

*Terence B. Towle, and Charles J. Hutchings,* for defendant.

Sitting:  Savage, C. J., Spear, Cornish, King, Bird, Hanson, JJ.

Bird, J.   The defendant was indicted for violation of the provisions of Sec. 3, Chap. 97, of the Public Laws of 1913.   The section is as follows:  "Any person who shall knowingly accept  .  .  .  . any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be guilty of felony.  .  .  .  ."

The indictment alleges that defendant did  .  .  .  .  knowingly accept  .  .  .  .  , without consideration, certain moneys,  .  .  . said money and moneys being then and there from the proceeds of the earnings of one Flossie Cavalluzzi, who was then and there engaged in prostitution, said moneys being then and there from the proceeds of the earnings of said Flossie Cavalluzzi, in her said occupation of prostitution, against," etc.

Upon conviction, the defendant filed a motion in arrest of judgment which was overruled and defendant had exceptions.

In support of the exceptions, it is urged that the indictment does not allege that Flossie Cavalluzzi was a woman engaged in prostitution and that the term prostitution should be further limited and explained by apt words.

1.   It is contended that as the word woman is used in the statute, its absence from the indictment is fatal.   But while it is unquestionably much better practice to employ the words of the statute, it is not essential if equivalent words are used and all the elements of the crime are set forth.   *State* v. *Hussey*, 60 Maine, 410; *State* v. *Lynch*, 88 Maine, 195; *State* v. *Doran*, 99 Maine, 329, 331; *Com.* v. *Fogerty*, 8 Gray, 489, 491.   The definition of the crime of rape both at common law and by statute includes the word woman or female but neither at common law nor under the statute was the word woman or female indispensable.   Generally it was omitted and the word her supplied its place.   See *Stone* v. *Blake*, 39 Maine, 323; Archb. Cr. Pl. (5th Am. Ed.) 570 (x480); *Com.* v. *Sugland*, 4 Gray, 7, 9; *Com.* v. *Thompson*, 116 Mass., 346; Bish. D. & F. (1885), Sec. 905, n. 3.   There are many cases which hold such indictment sufficient when the Court may recognize the sex of the party wronged by the name and pronoun, or by the pronoun alone.   See *Hill* v. *State*, 3 Heisk, 317, 319; *State* v. *Farmer*, 4 Ired., 224, 225; *Taylor* v. *Com.*, 20 Grat., 825, 828; *Battle* v. *State*, 4 Tex. App., 595, 596; see also *State* v. *Hussey*, 7 Ia., 409, 410;

*Com.* v. *Burnet,* 2 Va., Cas. 235. So in the case at bar, we are clearly of the opinion that, from the name Flossie, which, albeit it may be a substitute for the Christian name Florence given alike to men and women, is never applied to a man but is a strictly feminine appelative, and from the pronoun her, it is clearly charged that Flossie Cavalluzzi is a woman, and one engaged in prostitution.

2. While it is probable that the word prostitution has no legal meaning at common law, and while, in its general sense it is the letting of one's self to sale or devoting to infamous purposes what is in one's power (*State* v. *Stoyell,* 54 Maine, 24, 27), it indicates other than a specific form of sexual immorality, only when it is coupled with the thing devoted to base ends, as prostitution of one's office, of one's faculties, of the press, etc. The specific form of sexual immorality has become its primary meaning with lexicographers. So, also, in present legal phraseology. Black's Law Dist. See also *Com.* v. *Cook,* 12 Met., 93, 97-98; *State* v. *Brow,* 64 N. H., 577. Examination of the other sections of Chap. 97 of the Public Laws of 1913 and of R. S., Chap. 125, Secs. 9 and 10, all in pari materia, leave no doubt as to the meaning given the word in the section of statute in question. The conclusion is irresistible that the use in the indictment of the word employed in the statute is sufficient.

"Though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ. . . . . The case must be a strong one indeed, which would justify a Court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest." *U. S.* v. *Wiltberger,* (Marshall, C. J.) 5 Wheaton, 76, 95, 96. See *U. S.* v. *Bitty,* 208 U. S., 393, 401, 403. See also *State* v. *Bierce,* 27 Conn., 319, 320; *Paraiso* v. *U. S.,* 28 Supreme Court Reporter, 127.

*Exceptions overruled.*