STATE OF MAINE
*vs.*
W. THOMAS HOLT

Oxford.   Opinion, March 10, 1962.

*David R. Hastings*, for state.

*William E. McCarthy*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   On exceptions.   The respondent is charged with violating R. S., 1954, Chap. 22, Sec. 123 by making a left turn from a highway to enter an intersecting road at a time when such turn could not be made with reasonable safety.   The respondent was found guilty by a jury.   The case is before us on respondent's exceptions to certain portions of the charge of the presiding justice, to the refusal of the court to give requested instructions, and to the denial by the court of a motion for a directed verdict.

The testimony discloses that on October 13, 1960, after dark, the respondent was travelling easterly on U. S. Highway No. 2 from Mexico to Dixfield.   The weather was clear and the road was dry.   An intersecting way called Leavitt Street led northerly from U. S. Route No. 2.   The respondent concedes in his argument that the evidence indicates that the center of Leavitt Street is on the top of the crest of a hill on said Route No. 2, and that a vehicle travelling westerly on said route would not be visible from one being driven easterly until the eastern traveller reached a point opposite the middle of Leavitt Street.   The respondent endeavored to make a left-hand turn with the intention of entering Leavitt Street, and his vehicle came into collision with another vehicle being driven in a westerly direction on said Route No. 2.

The pertinent portion of R. S., 1954, Chap. 22, Sec. 123 reads as follows:

"No person shall . . . turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course, or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

The respondent claims that the court erred in giving the following instruction:

"The State is not required to prove that the respondent actually knew that at that moment his view easterly along U.S. No. 2 was obstructed by the crest of the grade or that because of the crest of the grade vehicles coming in a westerly direction from Dixfield did not have an adequate view of his vehicle in order to avoid collision."

We are concerned only with the facts of this particular case in considering the correctness of the instructions given by the court. It must be borne in mind that the contention of the state was that the respondent violated the statute under which he was indicted by turning to the left at a place so near the crest of a hill that oncoming vehicles were not afforded a sufficient warning to avoid a collision. It must also be borne in mind that the undisputed facts in the case clearly reveal that Leavitt Street is located at the crest of a hill on the highway being travelled by the respondent; that the center of Leavitt Street is on the top of the crest of the hill; that a vehicle travelling westerly on Route No. 2 would not be visible from one being driven easterly until the eastern traveller reached a point opposite the middle of Leavitt Street. Having these facts in mind, we quote extracts from the charge to the jury as follows:

"Our Legislature in passing motor vehicle laws and in an effort to promulgate highway safety has laid down certain requirements regarding the manner in which operators may drive their motor vehicles.

The particular law which we are concerned with here I will read to you, or such part as is applicable to this particular case.

'No person shall move left upon a roadway unless and until such movement can be made with reasonable safety.' I will repeat that. No person shall move left upon a roadway unless and until such movement can be made with reasonable safety. There are other provisions in regard to the manner of moving and turning in this section which I have read to you, but I have read only the part with which we are concerned with in this particular case.

\* \* \* \* \*

The State charges in this indictment the movement could not be made with reasonable safety. Mr. Holt, the respondent, the State says, made a turn and moved to the left into the northerly lane of said U.S. Route #2 at a point where his view easterly along said U.S. Route #2 was obstructed by the crest of a grade, said point being so near the crest that oncoming vehicles approaching said crest while lawfully travelling westerly on said U.S. Route #2 would not be afforded sufficient warning to avoid a collision with the automobile operated by said W. Thomas Holt as it turned into the northerly lane of said U.S. Route #2.

The State does not charge that the turning of the respondent was a violation of the law but that it was in violation of the law for him to turn at that place because the State says his view of traffic coming westerly from the Dixfield area was obstructed by the crest of a grade and, in substance, that, when he turned, his car was likewise hidden by the crest of the grade from vehicles going westerly from the Dixfield area, which is the direction the car was coming which was in collision with the respondent's car, according to the State's evidence.

The question is: Did the respondent turn left upon that roadway at a place where that turn could not

be made with reasonable safety. The State is not required to prove that the respondent actually knew that at that moment his view easterly along U.S. No. 2 was obstructed by the crest of the grade or that because of the crest of the grade vehicles coming in a westerly direction from Dixfield did not have an adequate view of his vehicle in order to avoid collision. The driver of a vehicle has a duty to drive his car so that he will not violate the motor vehicle laws and endanger others. While driving a motor vehicle about to turn left upon a highway it is his duty and responsibility to turn left at a time and place when his turn can be made with reasonable safety. The Legislature has determined that public safety on our highways requires that a person shall not move to the left on a highway, such as a person in a southerly lane of a highway moving to the left or northerly lane, unless he can determine that the movement can be made with reasonable safety. Here the State contends the respondent turned into his left or northerly lane at such a place before he reached the crest of the hill that his view of on-coming traffic and the vision of on-coming traffic of him, the ability to see his car, was obstructed, and in such a manner that the turn could not be made with reasonable safety. A person wanting to cross to the left hand lane to enter a side street must cross at a point where such crossing may be made with reasonable safety.

\* \* \* \* \*

As I understand the argument of the State, the State contends a left hand turn could be made with reasonable safety at a certain point. Whether it could be or not is not for me to say. The facts are for you; they are not for me."

Under these instructions the court clearly left for the determination of the jury the question of whether the respondent's view, at the time he made the turn, was obstructed by the crest of the hill in such a manner that the turn could not be made with reasonable safety.

The respondent, however, claims that the statute, being a penal statute must be strictly construed; that no evidence was presented that the respondent had knowledge regarding the crest of the hill or that he knew that the crest would prevent oncoming vehicles from seeing him enter the intersection.

Although penal statutes are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature. *State* v. *Cavalluzzi*, 113 Me. 41, 43, 92 A. 937.

The question involved in this exception is whether the state must prove knowledge on the part of the respondent that his view ahead was obstructed by the crest of the hill, or whether the statute imposed upon the respondent the duty to ascertain that fact before making his turn.

Our court has not had occasion to interpret this particular statute in its application to criminal cases. Our court in civil cases, even before the enactment of this statute, clearly laid down the rule that the operator of a vehicle who intends to cross in front of another car, shall so watch and time the movements of the other car as to reasonably insure himself of a safe passage, either in front of or to the rear of such car, even to the extent of stopping and waiting, if necessary. *Fernald* v. *French*, 121 Me. 4, 9, 115 A. 420; *Esponette* v. *Wiseman*, 130 Me. 297, 155 A. 650.

It is noted that the statute prohibits a person from turning a vehicle from a direct course *unless and until* such movement can be made with reasonable safety. Obviously such a movement could not be made with reasonable safety if the view ahead at the time of making the turn was obstructed by the crest of a hill so near that oncoming vehicles lawfully travelling in the opposite direction would not be afforded sufficient warning to avoid a collision. The respondent turned from a direct course to cross the side of

the highway used by vehicles travelling in the opposite direction. The legislature, in enacting the legislation, undoubtedly had in mind that such a movement is often attended with danger to others lawfully using the highway, and that some precautionary restrictions on such a movement were necessary.

The statute under which the respondent was indicted is a part of the law of the road, so-called, and was enacted by the legislature in the exercise of its police power for the protection of those who lawfully use our highways. It imposes a duty upon one about to turn a vehicle from a direct course to the left to ascertain whatever facts are necessary in order to determine whether the turn can be made with reasonable safety. Under the circumstances disclosed by the undisputed evidence in the instant case, the respondent before making the turn was under the positive duty to determine whether the contour of the highway ahead of him obstructed his view of approaching traffic. If so, the view of respondent's automobile from approaching vehicles was necessarily obstructed. He acted at his peril in making the turn unless he knew at the time that his vision of approaching traffic was not obstructed by the crest of a hill on the highway upon which he was then travelling.

In accordance with instructions given by the court, it was necessary for the state to prove beyond a reasonable doubt that the respondent moved to the left at a time and place when the movement could not be made with reasonable safety. These instructions necessitated proof on the part of the state of the factual situation regarding the location of the crest of the hill and the relative location of Leavitt Street. It was not obliged to prove knowledge on the part of the respondent that his view was obstructed by the crest of the grade, or that the view from approaching vehicles on the same highway was obstructed by that crest. The instructions to which the respondent excepted were proper.

The respondent also filed exceptions to the following portion of the court's charge to the jury:

"You may ask yourself what would happen if a side street entering a highway at such a point where because of the crest of a hill or other obstruction a left hand turn could never be made with reasonable safety. In such a case it would be the driver's duty to move on to another point where he could move left and make a left hand turn with reasonable safety and turn and come back and enter the street in a manner which could be done with reasonable safety."

Upon a careful reading of the entire charge, we find the following language after the first sentence in the above quoted instruction. "I am not saying that such was or was not the situation. You have heard the evidence." Immediately following this instruction the court said: "As I understand the argument of the State, the State contends a left hand turn could be made with reasonable safety at a certain point. Whether it could be or not is not for me to say. The facts are for you; they are not for me."

We see no error in these instructions. The court did not instruct the jury that the respondent could not under any circumstances turn to his left to enter Leavitt Street. He clearly left in the hands of the jury the question whether a left turn could have been made with reasonable safety, and if so, whether the respondent made such a turn. If the jury found that the situation was such that a left turn could never be made with reasonable safety, then the instructions of the court that the driver in such a case must move on to another point where he could make a left turn with reasonable safety and then come back became applicable. The instruction was correct and does not furnish grounds for exception.

At the conclusion of the charge to the jury, the respondent requested the court to make the following instruction:

"If you should find that the respondent was attempting to enter an intersection on his left, which intersection is on the approach to the crest of a grade which obstructs his view within such a distance as to create a hazard in the event another vehicle might approach from the opposite direction, the respondent may turn into said intersection if the local authorities governing traffic had not caused markers, buttons, or signs to be placed adjacent to the intersection requiring a different course."

Respondent cites R. S., 1954, Chap. 22, Sec. 122, which deals generally with the method of making right- and left-hand turns on two-way roadways and on other than two-way roadways. The section authorizes local authorities to place signs at intersections and require a different course from that otherwise specified in making turns at intersections. We fail to see that this provision in any way limits the effect of the statute under which the respondent was indicted. The court was correct in refusing to give the requested instruction.

The respondent filed exceptions to the denial by the court of respondent's motion for a directed verdict. The entire evidence in the case was presented by the state. The basic facts were not in dispute. The record discloses ample evidence to justify a jury in finding beyond a reasonable doubt that the respondent turned his automobile from a direct course to the left across U. S. Route No. 2 at a time and place when such movement could not be made with reasonable safety. The motion for a directed verdict was properly denied.

The entry will be

> *Exceptions overruled.*
> *Judgment for the State.*