JOHN D. DUNCAN, PETR. FOR WRIT OF ERROR
*vs.*
STATE OF MAINE

Knox.   Opinion, July 19, 1962.

*Louis Scolnik*, for the plaintiff.

*Richard A. Foley, Asst. Atty. Gen.*, for the State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   DUBORD, J. did not sit.

WILLIAMSON, C. J.   This case is before us on exceptions to the denial of a writ of error.   At the October 1956 Term

of the Superior Court, Knox County, the petitioner was sentenced to not less than eight nor more than sixteen years in the Maine State Prison for forcibly attempting to escape from the state prison under R. S., c. 27, § 42. The errors asserted by the petitioner appear below.

The charging portion of the indictment on which the petitioner, or plaintiff in error, was tried and found guilty is as follows:

". . . that John Douglas Duncan of Portland, Maine, commorant of Thomaston in the County of Knox and State of Maine, on the 29th day of July, A. D. 1956, at Thomaston, feloniously did attempt to commit a criminal offense, to wit, while undergoing lawful imprisonment in the Maine State Prison, in pursuance of the sentence of Francis W. Sullivan, Justice of the Cumberland County Superior Court at its September Term A. D. 1955, for the offense of breaking, entry and larceny in the night time, for a term of not less than two years nor more than four years; whereupon he, the said John Douglas Duncan, did then and there wilfully, unlawfully and feloniously from and out of said Maine State Prison attempt to escape and go at large, and did then and there do a certain act toward the commission of said offense by then and there throwing at the old vehicle entrance guard post sundry rocks and glass jars which had cloth rags inserted through the covers and were filled with inflammable material and ignited, with intent to set fire to said guard post and to escape over the wall with the use of a ladder, but failed in the execution of said offense."

The pertinent statutes are:

"**Sec. 42. Convict assaulting officers; escape; prosecution.** — If a convict, sentenced to the state prison for a limited term of years, assaults any officer or other person employed in the government thereof, or breaks or escapes therefrom, or forcibly attempts to do so, he may, at the discretion of the

court, be punished by confinement to hard labor for any term of years, to commence after the completion of his former sentence. The warden shall certify the fact of a violation of the foregoing provisions to the county attorney for the county of Knox, who shall prosecute such convict therefor." (R. S., c. 27, § 42, as amended by Laws 1955, c. 309. An amendment in Laws 1959, c. 242, § 6, is not here material.)

"**Sec. 4. Attempt with overt act to commit offense.** — Whoever attempts to commit an offense and does anything towards it, but fails or is interrupted or is prevented in its execution, where no punishment is expressly provided for such attempt, shall, if the offense thus attempted is punishable with imprisonment for life, be imprisoned for not less than 1 nor more than 10 years; and in all other cases he shall receive the same kind of punishment that might have been inflicted if the offense attempted had been committed, but not exceeding ½ thereof." (R. S., c. 145, § 4.)

"**Sec. 2. General penalty.** — When no punishment is provided by statute, a person convicted of an offense shall be punished by a fine of not more than $500 or by imprisonment for less than 1 year." (R. S., c. 149, § 2.)

FIRST — The petitioner contends that the escape statute R. S., c. 27, § 42, *supra*, is void on the ground that the penalty stated is indefinite. The point is not expressly stated in the bill of exceptions. The attack, however, goes to the jurisdiction of the court, and thus is proper matter for consideration at any stage of the case.

It is argued that the court is left, under the statute, with discretion to punish within limits or not at all. In other words, the petitioner says that the statute provides a penalty only at the will of the court.

With this view we do not agree.

> "It is a well recognized principle of statutory construction that penal statutes are to be construed strictly, yet the intention of the legislature is to govern and they are not to be construed so strictly as to defeat the intention of the legislature. *State v. J. P. Bass Co.*, 104 Me. 288, *State v. Cavalluzzi*, 113 Me. 41." *Smith, Petr.* v. *State of Maine*, 145 Me. 313, 326, 75 A. (2nd) 538.

Section 42 comes to us from the days when solitary confinement at the hands of the court was a lawful punishment.

R. S., 1857, c. 140, § 32 reads:

See Laws 1824, c. 282, §§ 12 and 13.

> "If any convict, sentenced to the state prison for life, assaults any officer or other person employed in the government thereof, or breaks or escapes therefrom, or forcibly attempts so to do, he may be punished by solitary imprisonment in the state prison not more than one year, and be afterwards held in custody on his former sentence; but if such offence is committed by a convict sentenced to the state prison for a limited term of years, he may be punished by solitary confinement in the state prison not more than three months, to precede the fulfillment of any former sentence, and, at the discretion of the court, may be further punished by confinement to hard labor for a limited period or during life, to commence after his solitary confinement, or the completion of his former sentence."

The Legislature in 1872 abolished solitary confinement except for prison discipline or to use the words of the present statute "except as a prison discipline for the government of the convicts." Laws 1872, c. 64; R. S., c. 27, § 20.

In *State* v. *Haynes*, 74 Me. 161 (1882), the provisions relating to punishment for solitary confinement were held void, and in the next revision (R. S., 1883, c. 140, § 36) the reference to such punishment was stricken from the statute.

The phrase "at the discretion of the court" on which the petitioner relies heavily, has no significance as we read the statute. The court has so decided recently in an analogous situation.

In *Green* v. *Robbins*, 158 Me. 9, 176 A. (2nd) 743, the statute provided for the transfer of escapees from reformatory to the state prison "where he shall serve the remainder of the term for which he might otherwise be held at said reformatory, or at the discretion of the court he may be punished by imprisonment in the state prison for any term of years." R. S., c. 27, § 73.

The court, in pointing out that an earlier statute called for additional punishment in the reformatory or at the discretion of the court for "any term of years" said, at p. 12: "We are satisfied that the retention in Sec. 73 of the phrase 'or at the discretion of the court' was merely the result of inartistic draftsmanship and no significance should be attached to it." Again on p. 13: "In the latter event, (a criminal prosecution) the inmate upon conviction might be sentenced by the court to a term in the state prison."

Striking the phrase "at the discretion of the court," we have left that "he may . . . be punished by confinement to hard labor for any term of years. . ." The words, "may be punished" in our view have precisely the same meaning in the instant statute that we would give to the more usual phrase "shall be punished." *Green* v. *Robbins, supra.*

Common sense tells us that the Legislature after the repeal of the provision for solitary confinement intended that the court should punish one who forcibly attempted to escape from state prison, or who otherwise violated section 42, within the limits "of any term of years." The Legislature did not act idly. The language is sufficient to give effect to the intention. The statute is not void for indefinite-

ness in the penalty. The petitioner gains nothing from the first objection.

SECOND — The second ground of objection is that the indictment under section 42 is fatally defective from the failure to charge in legally sufficient language: (1) that the respondent was a convict lawfully committed; (2) an essential overt act; (3) a forcible attempt. A fourth objection is that the indictment does not charge an offense under the general attempt statute. (R. S., c. 145, § 4, *supra.*)

The governing legal principles are well established. The difficulty lies in their application. In *Smith, Petr., supra,* at p. 324, an escape case, we quoted with approval the following:

> "As said in *State v. Lynch*, 88 Me. 195 at 196-7: 'It is also necessary that the indictment should employ "so many of the substantial words of the statute as will enable the court to see on what one it is framed; and, beyond this, *it must use all the other words which are essential to a complete description of the offense;* (emphasis ours) or, if the pleader chooses, words which are their equivalent in meaning; or, if again he chooses, words which are more than their equivalents, provided they include the full significations of the statutory words, not otherwise." Bishop on Criminal Procedure, Vol. 1, Sec. 612.

> "In *State v. Hussey*, 60 Maine, 410, it is said: "An indictment should charge an offense in the words of the statute or in language equivalent thereto." In that case the language used was not equivalent to the statutory words, nor did it have a broader meaning, including the significations of the words of the statute.

> "We think it is sufficient if the words used in the indictment are more than the equivalent of the words of the statute, 'provided they include the full significations of the statutory words.' "

The principles are fully discussed in *State* v. *Couture*, 156 Me. 231, 237 *et seq.*, 163 A. (2nd) 646. See also *State* v. *Lashus*, 79 Me. 541, 11 A. 604; *State* v. *Beckwith*, 135 Me. 423, 198 A. 739; *State* v. *Doran*, 99 Me. 329, 59 A. 440; *State* v. *Dumais*, 137 Me. 95, 15 A. (2nd) 289; *State* v. *Michaud*, 150 Me. 479, 482, 114 A (2nd) 352.

(1) One who has been sentenced and is serving the sentence in the state prison is a convict within the fair meaning of section 42. The word "convict" is repeatedly used in this sense in the sections of the statutes relating to the state prison. See R. S., c. 27, §§ 19-51. By the 1959 amendment, "convict" in section 42 now refers as well to one transferred from the reformatory for men or committed under certain circumstances for safe keeping.

We are not concerned with the meaning of "conviction" when the case is in the Law Court. A "conviction" in the appellate stage has been held not a proper ground for revocation of a driver's license (*State* v. *DeBery*, 150 Me. 28, 103 A. (2nd) 523), and of a physician's certificate of registration *Donnell* v. *Board of Registration*, 128 Me. 523, 149 A. 153).

Ordinarily the "conviction" is the verdict of guilty and the sentence is the judgment following conviction. *State* v. *Morrill*, 105 Me. 207, 73 A. 1091; *State* v. *Stickney*, 108 Me. 136, 79 A. 370; *State* v. *Knowles*, 98 Me. 429, 57 A. 588; *Com.* v. *Lockwood*, 109 Mass. 323. We commonly say that X was convicted when found guilty. Sentence comes later.

The word "convict" is not used in the indictment. The validity of the indictment rests not on whether the words of the statute appear, but on whether the statutory elements are set forth with sufficient particularity and clarity. *Smith, Petr., supra.*

We turn to the indictment. The words "lawful imprisonment," taken alone, would not be sufficient to charge an of-

fense under section 42. *Smith, Petr., supra,* at p. 322. The words are not to be taken alone; the entire indictment must be considered.

The indictment charges that the petitioner at the time of the offense was imprisoned at the state prison under a sentence by a named Justice of the Superior Court given at a stated term of court for a described felony. From our study of the indictment, we are drawn irresistibly to the conclusion that the indictment plainly charges the status of the petitioner at the time of the attempted escape as a convict lawfully imprisoned.

The petitioner urges that the failure to allege that a warrant of commitment, or a mittimus, issued from the court to the warden is fatal to the indictment. A mittimus issues as a ministerial act designed to place in the warden's hands an authorization to hold the person convicted and sentenced. It is familiar law that the mittimus is not the judgment, and that an error therein may be corrected to comply with the judgment.

In *State* v. *Couture, supra,* the indictment charged that "the escape occurred while the respondent was lawfully detained in the county jail at said Alfred." The respondent on a plea of guilty was ordered committed to the Reformatory for Men. A mittimus issued and the respondent was immediately taken into custody and placed in the county jail pending his transfer to the reformatory. The respondent was indicted for escape from jail under R. S., c. 135, § 28, applicable to "whoever being lawfully detained in any jail . . . escapes . . ." There was no allegation to the effect that a mittimus had been issued to authorize the detention of the respondent.

In *Smith, Petr., supra,* involving escape while committed for lack of bail, we said at p. 318:

> "Unless the allegations of fact set forth in the indictment show the *'lawful detention'* of the

escapee, and that the detention was *'for a criminal offense,'* the indictment is fatally defective so far as setting forth a violation of this statute is concerned.

" 'Indeed it is an elementary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the indictment.' *State v. Doran,* 99 Me. 329, 332.

"It is to be noted that of these two elements of the statutory offense the first, 'lawful detention' is also an element of common law escape. The effect of the statute is not the creation of a new and distinct offense. It merely provides a specific penalty for certain common law escapes which are brought within its terms by the other requirements as to the place from which the escape is made and the cause of the detention. It makes certain escapes felonies which were misdemeanors."

The cases of escape pending transfer and while committed for lack of bail are distinguishable from the case at bar. Here we have the plain unmistakable designation of the court sentencing the petitioner for a felony punishable at state prison and of imprisonment pursuant to the sentence. Such imprisonment is lawful imprisonment, and the lack of a mittimus if such be the fact does not alter its lawful character.

Under R. S., c. 149, § 13, as amended, "Prisoners shall not be received until a copy of the record forwarded to the warden and a warrant of commitment is given to the receiving officer at the state prison." This statute, in our view, is designed to aid in the administration and government of the prison. If a prisoner duly convicted and sentenced is in fact received without the delivery of the mittimus and other records, the imprisonment is none the less lawful. So here, if there was no mittimus in fact issued, nevertheless, the facts alleged show that the imprisonment was law-

ful.  Thus an essential element under section 42 was met in the indictment.

(2)  The second point made by the petitioner is that no overt act was sufficiently alleged.  "To constitute an attempt there must be something more than mere intention or preparation.  There must be some act moving directly towards the commission of the offense after the preparations are made." *State* v. *Doran, supra,* at p. 332.

The principle is illustrated in *State* v. *Hurley* (Vt.) 64 A. 78, and *People* v. *Gilbert* (Cal.) 260 P. 558.  In *Hurley,* the Vermont Court sustained a demurrer to the indictment holding that the mere fact that a prisoner procured tools — in this instance hacksaws — adapted to jail breaking did not constitute an attempt to break jail.  "To constitute an attempt, a preparatory act of this nature must be connected with the accomplishment of the intended crime by something more than a general design."  In sustaining a verdict, the California Court in *Gilbert* held evidence that the respondent at night climbed over a balcony and approached doors leading to a bedroom was sufficient to establish the corpus delicti of an attempt to commit burglary. The court said, at p. 559:

> "In order to constitute the offense of an attempt to commit a crime, the attempt must be manifested by acts which would end in the consummation of the particular offense, but for the intervention of circumstances independent of the will of the party. People v. Murray, 14 Cal. 159.  While mere intention to commit a crime followed by no overt act is not an offense, here the evidence showed an overt act from which, in view of the circumstances, an intention to commit the crime of burglary might reasonably be inferred; and the evidence was sufficient without the aid of the extra judicial statements to establish prima facie the elements of the offense charged."

See also *Lee* v. *Com.* (Va.) 131 S. E. 212, 214; 4 Words & Phrases pp. 753-757.

The overt act is charged in the indictment before us as follows:

> ". . . and did then and there do a certain act toward the commission of said offense by then and there throwing at the old vehicle entrance guard post sundry rocks and glass jars which had cloth rags inserted through the covers and were filled with inflammable material and ignited, with intent to set fire to said guard post and to escape over the wall with the use of a ladder, but failed in the execution of said offense."

The language, as we read it, plainly describes a forcible attempt to escape. The acts described were adapted to and closely connected with an escape. They were indeed the commencement or, in any event, an integral part of an intended escape. To throw rocks and glass jars with inflammable material ignited with intent to set fire to a prison guard post and to escape over the wall with the use of a ladder most certainly are not the acts of a convict leaving the prison through an open gate. The jury would have been justified in finding on proof of the facts alleged that the prisoner had so far proceeded with his attempt to escape that without interruption the escape would have been consummated. The analogy is with *Gilbert,* not with *Hurley.*
(3) The attack on the ground that the indictment does not sufficiently allege *force,* an essential element under section 42, fails. The lack of the word "forcibly" in the indictment is not fatal.

The words "wilfully, unlawfully and feloniously" are not in themselves the equivalent of the statutory language. *State* v. *Castner,* 122 Me. 106, 119 A. 112; *State* v. *Blake,* 39 Me. 322; *State* v. *Robbins,* 66 Me. 324; *State* v. *Lynch,* 88 Me. 195, 33 A. 978.

The throwing of rocks and jars to set fires, as alleged, are, of course, acts of force. The force so generated by the petitioner was designed to facilitate his escape. No other reasonable construction can be given to the indictment. Cf. *State* v. *McLeod,* 97 Me. 80, 53 A. 878 (forcible). See also Bishop on Criminal Law (6th ed.) § 1081; 1 Burdick, Law of Crime § 312; Russell, Crimes & Misdemeanors (5th ed.) 428; 2 Archbold's Criminal Practice & Pleading (8th ed.) 1869.

The Justice in the Superior Court in dismissing the writ of error placed his decision on the ground that the sentence was valid whether the indictment charged a forcible attempt to escape under section 42, or an attempt to escape without force under the general attempt statute. (R. S., c. 145, § 4.)

We are of the opinion shared by the petitioner in his fourth objection that the indictment was brought under section 42.

It is not necessary for us to determine whether the Legislature in establishing particular offenses under section 42 has eliminated an offense of attempting to escape without force under the general attempt statute. See *People, ex rel Labicki* v. *Brophy, Warden* (App. Div.) 10 N. Y. S. (2nd) 1012.

In any event, it is plain beyond doubt that the State intended to proceed under section 42. It would be unjust to permit the State to turn from attempted escape with force to attempted escape without force — to blow hot and cold — in the situation set forth in the indictment. There is nothing whatsoever in the record to indicate that the court intended to sentence the petitioner under the general attempt statute. The petitioner was indicted, tried, found guilty and sentenced under section 42.

The entry will be

*Exceptions overruled.*